(No. 14594.—Decree affirmed.)

JOHN H. McPIKE, Plaintiff in Error, *vs.* THE ILLINOIS TERMINAL RAILROAD COMPANY, Defendant in Error.

*Opinion filed October 21, 1922—Rehearing denied Dec. 8, 1922.*

1. MUNICIPAL CORPORATIONS—*property dedicated to public use cannot be otherwise disposed of by city.* Where property is dedicated to the public use the city occupies the relation of trustee of the premises, holding them in trust for the benefit of the public, including citizens both of the city and of the State, and the city can not alien or otherwise dispose of the property for its own benefit or for the benefit of an individual, but it may improve, fence, beautify and control the premises and adopt all necessary rules concerning their management.

2. SAME—*land dedicated to public use may be devoted to particular purpose.* The owner of land donating the same to the public may specify the particular use to which the land is to be devoted and impose restrictions on such use, and if the dedication is accepted the premises cannot be applied to any other use nor can the restrictions contained in the dedication be disregarded.

3. SAME—*city cannot lease property dedicated to public use.* A lease of public premises to private individuals for private purposes is an exercise of control over such premises by the city inconsistent with their use as public property, as such a lease precludes the use of the premises by the public and gives to one individual the exclusive right to possess and control the same.

4. SAME—*when individual cannot enjoin misuse of public property.* The obstruction or misuse of property held by the city for the use of the public cannot be enjoined by an individual unless special injury results to the complainant, but in a suit against an alleged trespasser a finding that the complainant is not entitled to an injunction does not constitute a finding as to the rights of the defendant, and where the city is not a party such finding does not preclude a subsequent action by the city.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding.

BURTON & BURTON, and B. J. O'NEIL, for plaintiff in error.

H. S. BAKER, and WARNOCK, WILLIAMSON & BURROUGHS, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This is a bill to enjoin defendant in error from trespassing upon certain premises in the city of Alton known as public city commons. The bill alleges that the defendant in error is seeking to build a railroad track on said premises, in violation of the rights of the plaintiff in error as lessee of a certain portion thereof, and of his rights as a citizen and tax-payer of the city of Alton and of all the citizens of Alton. The bill avers that the plaintiff in error is in possession of a certain portion of said tract of land under a lease from the city of Alton for a term of twenty-five years, with a privilege of renewal of the lease for a like period. Defendant in error filed its answer to the bill, denying that the lease of the plaintiff in error is a valid or binding lease, but averring that the lease is *ultra vires* the power of the city council of the city of Alton and is null and void. The answer alleges that defendant in error holds a franchise executed by the city of Alton for the use of certain of the premises described, for the purpose of constructing and maintaining thereon a railroad track; that said franchise is not in violation of the terms of the dedication of such land to the public as commons. The answer avers that plaintiff in error has no right to an injunction as a citizen and tax-payer of the city of Alton, for the reason that he has not alleged or proven any special damage to him arising out of such use of the premises by defendant in error. A replication was filed to this answer and the cause was referred to the master in chancery, who reported as his conclusion of law that plaintiff in error was not entitled to the injunction prayed for under his lease for the reason that the city council had no power to enter into the same; that he had no right to such injunction as a citizen and tax-payer of the city of Alton for the reason that he had not shown any special damages to him. The master found that the franchise to the defendant in error is not a violation of the dedication of the premises in question as public commons.

The chancellor overruled exceptions to the master's report and approved the same and dismissed the plaintiff in error's bill for want of equity.

The property in this dispute borders on the north bank of the Mississippi river, which flows from west to east at Alton. In 1850 Charles W. Hunter laid out an addition to the city of Alton. He platted certain blocks lying between Front street and the river. In addition to the lands platted as blocks and lots he dedicated as public city commons a tract of about 51 acres also lying between Front street and the river. This tract was dedicated as "public grounds of the city, never to be owned as individual or private property." On November 1, 1902, plaintiff in error and the city of Alton entered into a lease by which a certain part, approximating about 31 acres, of the premises dedicated as public commons was attempted to be leased to the plaintiff in error for a term of twenty-five years at an annual rental of $10, with privilege of renewal for a like term of years at a rental to be agreed upon as provided in the lease. Plaintiff in error paid the rental on this property until 1910, when for three years he paid no rental. In 1914 he attempted to pay the back rent, which, however, the city declined to accept and thereafter refused to recognize any rights of plaintiff in error under the said lease, although no action has been taken to cancel the same. In February, 1917, the city council of the city of Alton granted a franchise to the defendant in error to construct and maintain a switch-track over certain portions of the public commons sought to be held by plaintiff in error under his lease, and the defendant in error built thereon a side-track or switch from its other lines to its docks on certain land fronting on the river.

The first question arising in this case is whether or not plaintiff in error, under the averments of his bill, is entitled to the injunction prayed. It has long been the settled law in this State that where lands are dedicated to the public

for particular purposes they can be used for such purposes only. For those purposes the city may improve, fence, beautify and control them and adopt all necessary rules and regulations concerning their management. Acting in this capacity, the city occupies the relation of trustee of said premises, holding them in trust for the benefit of the public. The right to the use of such property is not limited to the citizens of the city in which such lands are dedicated, but the citizens of the State generally have an equal right in them and a proper enjoyment of them. The city cannot alien or otherwise dispose of them for its own benefit. (*Guttery* v. *Glenn,* 201 Ill. 275; *Village of Princeville* v. *Auten,* 77 id. 325; *City of Quincy* v. *Jones,* 76 id. 231; *City of Alton* v. *Illinois Transportation Co.* 12 id. 38.) The owner of land donating the same to the public may specify the particular use to which the land is to be devoted and impose restrictions on such use, and if the dedication is accepted the premises cannot be applied to any other use nor can the restrictions contained in the dedication be disregarded. (*South Park Comrs.* v. *Ward & Co.* 248 Ill. 299.) It is equally well settled in this State that the city, as trustee of its streets, public squares and parks, has no rightful authority to grant them for any purpose inconsistent with the public use. (*Kreigh* v. *City of Chicago,* 86 Ill. 407; *City of Quincy* v. *Jones, supra.*) It can not be questioned that a lease of public premises to private individuals for private purposes is the exercise of a control over such premises by the city inconsistent with their use as public property. The very nature of a lease precludes the use of the premises by the public and gives to one individual the exclusive right to possess and control the same. It follows that the lease entered into between plaintiff in error and the city council of the city of Alton in 1902 is not a valid lease and therefore affords no basis for the issuance of an injunction in this case.

Plaintiff in error urges that he has a right, as an individual tax-payer and citizen of the city of Alton, suing in his own behalf and in behalf of other citizens and tax-payers of the city, to enjoin the use of its public commons by defendant in error. The rule is that the obstruction or misuse of streets or other like property held by the city for the use of the public which does not result in special injury to the individual cannot be complained of by an individual. If special injury results to the individual he may enjoin such obstruction although the city has given its acquiescence thereto. (*Oehler* v. *Levy*, 234 Ill. 595; *Hamilton* v. *Semet Solvay Co.* 227 id. 501; *Guttery* v. *Glenn, supra; City of Chicago* v. *Union Building Ass'n*, 102 Ill. 379; *McDonald* v. *English*, 85 id. 232.) The bill in this case avers no special damage to plaintiff in error as a citizen and tax-payer. The city of Alton is not a party complainant, and there is no averment or proof of an attempt to have the city proceed on behalf of the public to secure such injunction. Plaintiff in error has no right to this injunction on the ground of being a citizen and tax-payer of the city of Alton under the averments of his bill. This being true, the circuit court did not err in denying the same and dismissing the bill for want of equity.

The master in chancery reported as his conclusion of law that the franchise of defendant in error is valid. The chancellor, though he approved the master's report and entered specific findings on other points of law, made no specific finding on this point. Nothing in this opinion is to be taken as sustaining the view of the master in that regard. Since plaintiff in error has no right to the writ of injunction in this case because of the position which he occupies, it does not become necessary to pass upon what right, if any, defendant in error has to the premises in question.

The decree of the circuit court will be affirmed.

*Decree affirmed.*