(No. 34074.—

222 EAST CHESTNUT STREET CORPORATION, Appellant, *vs.* THE BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

JOSEPH F. ELWARD, and EDWARD S. MACIE, both of Chicago, for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and HARRY H. POLLACK, of counsel,) for appellees Zoning Board of Appeals of the City of Chicago *et al.;* SCHREIBER & MACK, ALBAN WEBER, TAYLOR

MILLER, BUSCH & MAGNER, HOWARD B. BRYANT, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOHN S. MILLER, RICHARD F. BABCOCK, RALPH B. MACK, and JOHN W. G. DOOLEY, of counsel,) all of Chicago, for other appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook County denying plaintiff's prayer to set aside the grant of a building permit by the Chicago Zoning Board of Appeals.

The property involved consists of three lots on the south side of East Chestnut Street in Chicago, on which the defendant Lake Shore Club, through its affiliate the Lake Shore Realty Corp., proposes to build a three-and-four-story split-level garage, to provide parking facilities adjacent to its 18-story club building.

The plaintiff, 222 East Chestnut Street Corp., is the owner of a 19-story apartment building on the north side of East Chestnut Street, 293 feet obliquely across the street from the three lots in question. The plaintiff objects to the grant of the permit, alleging that the proposed structure would interfere with its light and air, congest traffic in the street, and reduce the value of its property.

Eight grounds for reversal are asserted, including constitutional objections which permit of a direct appeal to this court. However, there is one controlling point, the question of the plaintiff's interest or standing to maintain the action.

In *222 East Chestnut Street Corp.* v. *Board of Appeals, post,* p. 132, decided this day, the same allegations of injury are involved. We there hold that these allegations must be supported by evidence and are not made out by a mere showing that plaintiff's building was 184.5 feet from the proposed building and in the same contiguous zoning dis-

trict. In short, mere proximity without proof of actual damage is not sufficient.

Here, the plaintiff's building is 293 feet distant, and there is neither evidence nor presumption to show an adverse effect on the plaintiff by the proposed structure in regard to light and air, traffic congestion, or real estate values. It is not a party "whose rights, privileges or duties were adversely affected by the decision" of the administrative agency, and it has no right to a review of the agency's determination. *Winston* v. *Zoning Board of Appeals*, 407 Ill. 588.

Finally, the plaintiff is not aided by section 73—9 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1955, chap. 24, par. 73—9,) providing that an action or proceeding to prevent a zoning violation may be instituted by the municipality or by an owner or tenant of real property in the same contiguous zoning district. See *222 East Chestnut Street Corp.* v. *Board of Appeals, post,* this page.

For the reasons stated, the judgment below is affirmed.

*Judgment affirmed.*