222 East Chestnut Street Corporation, Plaintiff-Appellant, v. LaSalle National Bank, not personally but as Trustee under Trust Agreement dated December 28, 1954, and known as Trust No. 17365; Board of Appeals of City of Chicago, Samuel T. Lawton et al., individually and as members of the Board of Appeals of City of Chicago; George L. Ramsey, individually and as Commissioner of Buildings of the City of Chicago; City of Chicago, a municipal corporation; Richard J. Daley, individually and as Mayor of the City of Chicago, Defendants-Appellees.

Gen. No. 47,166.

First District, Third Division.

November 6, 1957.

Released for publication January 17, 1958.

Joseph F. Elward, and Edward S. Macie, of Chicago, for 222 East Chestnut Street Corporation, plaintiff-appellant.

460

Goldberg, Devoe & Shadur, of Chicago (Milton I. Shadur, Abner J. Mikva, and Seymour I. Regal, of counsel) for LaSalle National Bank not personally, but as Trustee under Trust Agreement dated December 28, 1954, and known as Trust No. 17365, defendant-appellee; John C. Melaniphy, Corporation Counsel of Chicago (Sidney R. Drebin, and Harry H. Pollack, Assistant Corporation Counsel, of counsel) for all defendants-appellees except LaSalle National Bank.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

This was a suit to enjoin defendants from erecting a combination apartment building and private garage, with the rear line of the structure even with the rear line of the lot, in alleged violation of Section 18 (c) of the Chicago Zoning Ordinance prohibiting any part of the ground area of such structure from being nearer to the rear lot line than 20 feet. The chancellor entered a decree dismissing the complaint for want of equity and the plaintiff appealed.

Plaintiff for many years has owned and operated and now owns and operates a 19-story unfurnished apartment building at 222 East Chestnut Street, Chicago. In December, 1954, the defendant bank as a trustee acquired the subject property at the southeast corner of East Delaware Place and North De Witt Place, a tract of land 95 feet in width and facing north on East Delaware Place and with its west side 110 feet in length and adjoining De Witt Place. There is no alley at the rear. Plaintiff's property and defendant's property are situated in the same apartment house district, as defined and designated by the Zoning Ordinance. The northeast corner of plaintiff's property is 184.5 feet from the southwest corner of defendant's property. Chestnut Street and Delaware Place are east and west streets, Delaware Place being

461

the first street north of Chestnut Street. De Witt Place is a north and south street.

The bank intends to erect on its property a 23-story apartment building and a 3-story garage building attached to the apartment building. The apartment building to contain 164 apartments, will be on the northerly portion of the tract. The garage to contain 85 stalls, will be on the southerly portion of the tract and will consist of a basement and 3 stories. The garage building is separated from the apartment building by fire walls and fire door assemblies. The entire roof of the garage building, part of which is beneath a portion of the apartment building, is of solid concrete construction without openings of any kind and is "four-hour fire resistant construction." In all respects it conforms to the ordinance requirements of a fire wall. The only apertures in the north wall of the garage are "four hour" fire doors leading into vestibules, which are also of four-hour fire resistant construction. These vestibules then lead to other four-hour fire doors, which in turn lead into the apartment building. The east, west and south walls of the garage are of solid construction and are exposed only to space. All walls of the garage run the entire length of the building down to the foundation and are known as foundation walls. Plaintiff insists that the two portions of the proposed structure, namely, the garage portion, and the apartment portion, are not separated by space or by walls without openings and therefore, under the zoning ordinance, constitute one building, and that the proposed building would violate Section 18 (c) of the Zoning Ordinance in that the ground area of the building containing apartments in an apartment house district would be nearer to the rear lot line than 20 feet.

Defendants assert that plaintiff does not show any damage arising from the proposed construction. Plain-

462

tiff maintains that it is not necessary to show any specific damage from the proposed construction, relying on Section 73—9 of the zoning statute (Sec. 73—9, Ch. 24, Ill. Rev. Stat. 1955). Plaintiff's property and defendant's property are situated in the same Apartment House District as defined and designated by the Zoning Ordinance. Plaintiff did not make any showing of specific damage to its property. No testimony was offered concerning adverse effects to anyone from the proposed construction. "The effect of this amendment was to enlarge the class of plaintiffs who might bring the actions previously authorized by section 73—9 and to increase allowable costs in those actions." Pasfield v. Donovan, 7 Ill.2d 563, 570. The amendment, however, does not purport to limit a chancellor in applying equitable principles to the facts of the case. In Haack v. Lindsay Light & Chemical Co., 393 Ill. 367, the court said (375): "To entitle one to injunctive relief he must establish, as against the defendant, an actual and substantial injury and not merely a technical inconsequential wrong entitling him to nominal damages, only." We have read the amendment to Sec. 4, Art. 73, Ch. 24, Ill. Rev. Stat. 1955, approved July 8, 1957, and conclude that it does not support plaintiff's position. Plaintiff has not established that it has suffered or will suffer any injury by reason of the construction of the building. It is unnecessary to consider any other points.

The decree of the Superior Court of Cook county is affirmed.

Decree affirmed.

FRIEND, J., concurs.

BRYANT, J., took no part.

## ON REHEARING

Having considered the points discussed in the petition for rehearing, the answer and the reply and having reconsidered the points discussed in the briefs, we have decided to adhere to our opinion.

Decree affirmed.

FRIEND, J., concurs.

BRYANT, J., took no part.