253 F.2d 484
 222 EAST CHESTNUT STREET CORPORATION, a corporation of Delaware, Plaintiff-Appellant,
v.
LA SALLE NATIONAL BANK, a national banking association, not personally, but as Trustee under Trust Agreement dated December 28, 1954, and known as Trust No. 17365; Aaron B. Weiner, Mutual Properties Corporation, a corporation of Illinois; George L. Ramsey, individually and as Commissioner of Buildings of the City of Chicago; City of Chicago, a municipal corporation; Richard J. Daley, individually and as Mayor of the City of Chicago, Defendants-Appellees.
 No. 12144.
 United States Court of Appeals Seventh Circuit.
 March 6, 1958.
 Rehearing Denied April 22, 1958.
 
 Joseph F. Elward, Edward S. Macie, Chicago, Ill., for appellant.
 Abner J. Mikva, John C. Melaniphy, Corporation Counsel, Milton I. Shadur, Marshall J. Moltz, Chicago, Ill., Sydney R. Drebin, Asst. Corporation Counsel, Chicago, Ill., of counsel, for appellees.
 Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.
 PARKINSON, Circuit Judge.
 
 
 1
 Plaintiff, in the District Court, sought to enjoin the defendants LaSalle National Bank, Trustee, Aaron B. Weiner and Mutual Properties Corporation from erecting or attempting to erect a combination apartment building and garage on the defendant Bank's property nearer to the south front street line of East Delaware Place than 11 feet and the defendants City of Chicago and George L. Ramsey, individually and as Commissioner of Buildings of the City of Chicago, from issuing a permit therefor. It also sought a declaratory judgment construing the Chicago Zoning Ordinance and particularly § 18(b) thereof as meaning and providing that the location of said building nearer to the south front street line of East Delaware Place than 11 feet would be a violation of said § 18 (b) and would be illegal. It further prays for an abatement of any such violation.
 
 
 2
 The plaintiff premises its right to maintain this action solely on Ill.Rev. Stat.1955, c. 24, § 73-9. It alleges that the proposed construction is in violation of § 18(b) of the Chicago Zoning Ordinance in that the front line of the building will be even with or upon the front street line of the lot whereas § 18(b) would, in this case, require a set back of eleven feet.
 
 
 3
 The defendants filed a motion to dismiss supported by affidavit stating that the Zoning Board of Appeals of the City of Chicago granted a variation permitting the proposed building to be erected on the front lot line; that the plaintiff herein filed an action in the Superior Court of Cook County seeking review of the order of the Zoning Board of Appeals granting the variance pursuant to the Illinois Administrative Review Act; that the Superior Court of Cook County entered judgment affirming the decision of the Zoning Board of Appeals and dismissing plaintiff's complaint; that an appeal therefrom was taken to the Illinois Supreme Court where the judgment was affirmed. 222 East Chestnut Street Corporation v. Board of Appeals of City of Chicago, 1956, 10 Ill.2d 130, 132, 139 N.E.2d 218, 221.
 
 
 4
 The District Court granted the motion of the defendants to dismiss. Judgment was entered accordingly. This appeal followed.
 
 
 5
 In oral argument before this court the plaintiff conceded that the Zoning Board of Appeals did grant the variance and that the Superior Court of Cook County affirmed on review and that order and judgment are in full force and effect.
 
 
 6
 The plaintiff has completely misconstrued § 73-9 of the Illinois Zoning Act. This section, by its very terms, must be read in conjunction with the other sections of the Act. Section 73-4 confers on the Board of Appeals the right to grant a specific variance in the Zoning Ordinance and § 73-6.01 provides for judicial review pursuant to the Administrative Review Act.
 
 
 7
 The Administrative Review Act, Ill.Rev.Stat.1955, c. 110, § 265 provides as follows:
 
 
 8
 "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof."
 
 
 9
 Thus there is only one method of judicial review of the Zoning Board of Appeals' decision granting a variance. The plaintiff attempted, by the statutory judicial review procedure, to set aside the order granting the variance and was unsuccessful. The variance granted is, therefore, in full force and effect and the defendant owner has the right to construct the proposed building on the front lot line of its property.
 
 
 10
 Section 73-9 confers upon the proper local authorities of the municipality or any owner or tenant of real property in the same contiguous zoning district the right to enjoin the construction of a building in violation of the Zoning Ordinance. The building is not to be constructed in violation of the Zoning Ordinance of the City of Chicago but in full accordance therewith pursuant to the granting of the front lot line building variance by the Zoning Board of Appeals. Accordingly the entire foundation of plaintiff's action based on § 73-9 collapses.
 
 
 11
 One of the grounds of the motion to dismiss is,
 
 
 12
 "3. As a matter of law, the Statute of the State of Illinois, Ill.Rev. Stat. (1955) c. 24, § 73-9, does not grant to plaintiff the right to bring such action."
 
 
 13
 An affidavit in support of a motion to dismiss the complaint may be used for the purpose of discovering whether there is an issue of fact. Farrall v. District of Columbia Amateur Athletic Union, 1946, 80 U.S.App.D.C. 396, 153 F.2d 647. The complaint here is grounded solely on the allegation that the construction of the building with the front line thereof within eleven feet of the south front street line of East Delaware Place is in violation of § 18(b) of the Chicago Zoning Ordinance. The affidavit supporting the motion to dismiss specifically states that the Zoning Board of Appeals of Chicago has granted a variance pursuant to the Zoning Ordinance and the Zoning Enabling Act which authorizes the defendant owner to construct its building on the front lot line. The plaintiff, in this court, concedes that to be a fact. Accordingly such construction is not in violation of the Zoning Ordinance and there is no issuable fact to be tried.
 
 
 14
 The plaintiff contends that the District Court erred when it held, as it did, that it was without jurisdiction and that the injunction proceedings in the Superior Court of Cook County relating to the rear lot line and subsequent affirmance by the Appellate Court of Illinois, wherein it was held plaintiff has suffered or will suffer no injury by reason of the construction of the building in controversy, 222 East Chestnut Street Corporation v. LaSalle National Bank, 15 Ill. App.2d 460, 146 N.E.2d 717, barred the action below by res judicata. What we have heretofore said is dispositive of this appeal and although the reasons stated by the District Court for dismissal may be valid necessity for further discussion is thus obviated.
 
 
 15
 The District Court was correct in dismissing the complaint and the judgment is affirmed.