222 EAST CHESTNUT STREET CORPO-
RATION, a corporation of Delaware,
Plaintiff-Appellant,

v.

LAKEFRONT REALTY CORPORATION,
a corporation of Illinois; Lake Shore
Club of Chicago, a corporation of Illi-
nois; Northwestern University, a cor-
poration of Illinois; George L. Ramsey,
individually and as Commissioner of
Buildings of City of Chicago; City of
Chicago, a municipal corporation of Il-
linois; Richard J. Daley, individually
and as Mayor of City of Chicago, De-
fendants-Appellees.

No. 12224.

United States Court of Appeals
Seventh Circuit.

June 18, 1958.

Rehearing Denied July 17, 1958.

Joseph F. Elward, Edward S. Macie, Chicago, Ill., for plaintiff-appellant.

John C. Melaniphy, Corp. Counsel, Sydney R. Drebin, Asst. Corp. Counsel, Chicago, Ill., Alban Weber, Evanston, Ill., John S. Miller, Howard B. Bryant, John W. G. Dooley, Ralph B. Mack, Chicago, Ill., for Lake Shore Club.

Before DUFFY, Chief Judge, and MAJOR and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Plaintiff, in the District Court, sought to enjoin the defendants City of Chicago, a municipal corporation, and George L. Ramsey, as Commissioner of Buildings of City of Chicago, from issuing to defendant Lakefront Realty Corporation, or its agents, employees or contractors, a building permit to erect a three-and-four-story split level garage structure on its real estate and the defendant Lakefront Realty Corporation from erecting or attempting to so erect such structure. It also sought a declaratory judgment construing the Chicago Zoning Ordinance as meaning and providing that the erection of the garage structure is in violation of said ordinance and illegal.

It further prayed for an abatement of any such alleged violation.

The defendants filed a motion to dismiss supported by affidavit attaching thereto findings and order of the Zoning Board of Appeals authorizing the proposed construction as a valid use of the property in question; the judgment of the Superior Court of Cook County, Illinois affirming and approving the decision of the Zoning Board of Appeals; and the opinion of the Supreme Court of Illinois, 222 East Chestnut St. Corp. v. Board of Appeals, 10 Ill.2d 130, 139 N.E.2d 221, affirming the judgment of the Superior Court.

On October 31, 1957 the District Court granted the motion of the defendants to dismiss and did so dismiss the plaintiff's complaint and action. This appeal followed, the plaintiff having filed written notice of appeal on November 29, 1957 appealing "from the final judgment entered in this cause on October 31, 1957, dismissing said complaint and action."

On April 25, 1958, after submission to and argument of counsel in this court, the plaintiff filed a written motion moving this court to dismiss the appeal and remand the cause to the District Court with directions to vacate its order dismissing the complaint and allow plaintiff to file an amendment thereto upon an entirely different theory. The motion did nothing more than allege what was fully known to the plaintiff when it originally filed its complaint and instituted its action on June 5, 1957.

Thereafter, on May 3, 1958, the plaintiff filed a motion to amend its prior motion filed on April 25, 1958 "by praying, in the alternative, for additional relief, namely that (i) said Motion and the Amendment to Complaint be taken and considered with this appeal, with leave to defendants-appellees to file answer thereto within such time as the court may direct, and for (a) an order reversing the judgment of the court below, or (b) an order vacating the judgment of the court below with directions to allow plaintiff to file said Amendment, or (ii) for such other order in the court's dis-

cretion as will allow this matter to be disposed of on its merits, and upon such terms as the court may seem proper;".

When the District Court entered its order on October 31, 1957 dismissing plaintiff's action the plaintiff, as no responsive pleading had been served by the defendants, had, in the alternative, the right as a matter of course to amend its complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. or the right to stand on its complaint and appeal from the judgment of dismissal. The plaintiff appealed and by so doing elected to stand on its complaint. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10.

The plaintiff briefed and argued this appeal upon the theory that its complaint was clearly sufficient and that the District Court committed reversible error when it dismissed. Plaintiff's motion filed April 25, 1958 incorporated the proposed amendment to the complaint. This motion was filed after the hearing of this appeal here. Apparently after argument of counsel plaintiff realized its complaint was inadequate and, by now seeking to amend, inferentially so admits. In no event, however, is the plaintiff seeking to amend defective allegations of jurisdiction pursuant to Title 28 U.S.C.A. § 1653. Chicago Stadium Corporation v. State of Indiana, 7 Cir., 1955, 220 F.2d 797, is, therefore, inapplicable. Plaintiff in its motion to amend its first motion filed on April 25, 1958 illustrates clearly the difference when it states that in Chicago Stadium this court held "that allegation in complaint that plaintiff is a resident of state of Illinois, and that defendants and each of them are residents of the state of Indiana was insufficient to allege federal jurisdiction on the basis of diversity of citizenship, but that plaintiffs should be permitted to amend complaint to show federal jurisdiction." That is permissible under Title 28 U.S.C.A. § 1653 and Chief Judge Duffy speaking for this court so held. That, however, is not the situation here.

The plaintiff cites United States v. F. & M. Schaefer Brewing Co., 1958, 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721, and Jung v. K. & D. Mining Co., Inc., 1958, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806, as supporting its contention that the Federal Rules of Civil Procedure should be liberally construed so that suits are determined on their merits and not on procedural technicalities. These cases had to do with appeals pertaining to whether notice of appeal was timely filed. We followed similar reasoning in Nolan v. Bailey, 7 Cir., 254 F.2d 638. Again those cases have nothing to do with the question here presented.

The plaintiff here is not attempting to avoid dismissal because it failed to file a timely notice of appeal or that the order appealed from is not a final judgment. On the contrary it is asking this court to dismiss its own appeal in order that it may amend a complaint, which it apparently now admits will not withstand the motion to dismiss, and be permitted to start all over in the lower court. This it seeks to do by alleging matters by way of amendment completely foreign to jurisdictional allegations and which matters were all known to the plaintiff long prior to the commencement of this action. There is no reasonable or logical foundation for such a request. Accordingly the motion of the plaintiff-appellant filed on April 25, 1958, as amended pursuant to its motion to amend filed on May 3, 1958, must be denied.

The plaintiff alleges that the proposed construction is in violation of the Chicago Zoning Ordinance and premises its right to maintain this action solely upon Ill.Rev.Stat., 1955, c. 24, § 73-9, which reads in part as follows:

"Proceedings to prevent violation. In case any building or structure is *constructed*, reconstructed, altered, repaired, converted, or maintained, or any building, structure, or land is used *in violation of this article*, or of any ordinance or other regulation made under the authority conferred thereby, the proper local authorities of the municipality, or any owner or tenant of real property

in the same contiguous zoning district as the building or structure in question, in addition to other remedies, may institute any appropriate action or proceeding (1) to prevent the *unlawful construction*, reconstruction, alteration, repair, conversion, maintenance, or use, (2) to prevent the occupancy of the building, structure, or land, (3) to prevent any illegal act, conduct, business, or use in or about the premises, or (4) to restrain, correct, or abate *the violation*." (Emphasis added.)

This section would appear to be explicit in its terms. There is no ambiguity, patent or latent, and its purpose is readily apparent. It was clearly designed to give a land owner or tenant in the same contiguous zoning district, in addition to the proper municipal authorities, the right to enjoin, on his own initiative, any construction that would be in violation of the zoning ordinance. Therefore, it is obvious that § 73-9 applies only where there is a violation of the zoning ordinance and of course where there is no such violation § 73-9 is inapplicable.

The plaintiff-appellant has attempted, by judicial review pursuant to § 73-6.01 of the Zoning Act, to set aside the findings and order of the Zoning Board of Appeals that the proposed construction was a permitted use. By the terms of the Administrative Review Act, Ill.Rev.Stat., 1955, c. 110, § 265 "any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." In its action to review the plaintiff was unsuccessful.

The affidavit in support of the motion to dismiss the complaint is not attacked by the plaintiff and clearly establishes that the proposed construction is not in violation of the Chicago Zoning Ordinance but rather is in full accordance therewith. Attached to the affidavit are the findings and order of the Zoning Board of Appeals of the City of Chicago entered after a full hearing with the plaintiff appearing and objecting wherein the Board specifically found that the proposed construction would be a permitted use and would not be in violation of the zoning ordinance.

Thereafter, this plaintiff filed a proceeding in the Superior Court of Cook County, Illinois to review the decision and order of the Zoning Board of Appeals. The judgment of that court is attached to the affidavit in support of the motion to dismiss wherein the reviewing court specifically found that the finding and decision of the Zoning Board of Appeals that the proposed construction "was a permitted use under the applicable provisions of the Chicago Zoning Ordinance, was not against the manifest weight of the evidence and is well founded on the evidence presented;" and "that the decision of the Zoning Board of Appeals of the City of Chicago * * be and the same hereby is affirmed and approved."

Plaintiff appealed from that judgment to the Supreme Court of Illinois. The opinion of that court, reported at 10 Ill. 2d 130, 139 N.E.2d 221, is also attached to the affidavit in support of the motion to dismiss. The Supreme Court of Illinois affirmed the judgment of the Superior Court of Cook County. Hence the proposed construction is not in violation of the Chicago Zoning Ordinance and, therefore, any right of action predicated on § 73-9 completely collapses. In short there is no issuable fact to be tried. 222 East Chestnut Street Corporation v. LaSalle National Bank, 7 Cir., 1958, 253 F.2d 484.

The plaintiff has completely misconstrued § 73-9. This section is a part of the Zoning Enabling Act and must be construed *in pari materia* with the other sections of the Act. Its purpose is to prevent violations of a zoning ordinance, that is unauthorized uses. It does not create another method of judicial review of an order of the Zoning Board of Appeals. When the Zoning Board of Appeals has heard the matter and rendered its decision authorizing a proposed construction, whether by a

finding of permitted use or by granting a variance, there is no right of action under § 73–9. There is but one method of attack and that is by judicial review pursuant to the provisions of the Illinois Administrative Review Act. Section 73–9 cannot be used for that purpose. It is specifically prohibited by the Administrative Review Act.

One of the grounds of the motion to dismiss is:

> "4. * * * and the Statute of the State of Illinois, Illinois Revised Statutes (1955) C. 24 § 73–9, upon which plaintiff purports to rely, does not grant to plaintiff the right to bring such action."

This was a valid ground for dismissing the complaint. It is our duty to affirm if the decision below is correct although the lower court might have relied upon a different ground or reason. Helvering v. Gowran, 1937, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; Securities & Exchange Commission v. Chenery Corporation, 1943, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626; Ginsburg v. Black, 7 Cir., 1956, 237 F.2d 790, 792.

Moreover, the Illinois Supreme Court in 222 East Chestnut Street Corporation v. Board of Appeals, 10 Ill.2d 130, 139 N.E.2d 221, held that this plaintiff was not adversely affected by this very same proposed construction. In its reply brief plaintiff states its position "is that estoppel arises not from the points that are raised but from the points that are decided" and concedes that this decision constitutes an estoppel against any future administrative review action. Accordingly the plaintiff admits that it is not a party adversely affected by the proposed construction. If it is not adversely affected then it has suffered or will suffer no damage and the Appellate Court of Illinois has held in 222 East Chestnut Street Corporation v. LaSalle National Bank, 1957, 15 Ill.App.2d 460, 463, 146 N.E.2d 717, it has no right of action for injunction under § 73–9. Although this is an Appellate Court decision it is apparent from 222 East Chestnut Street Corporation v. Board of Appeals, 10 Ill.2d 130, 132, 139 N.E.2d 221, that the Supreme Court of Illinois would come to no different conclusion and we, therefore, should follow 15 Ill.App.2d 460, 146 N.E.2d 717. Liberty Mutual Ins. Co. v. Hartford Accident & Ind. Co., 7 Cir., 1958, 251 F.2d 761, 763.

The District Court was correct in dismissing the complaint and the judgment is affirmed.