Arlis W. Castleman, a Resident and Taxpayer of the City of Springfield, Illinois, on Behalf of Himself and All Others Similarly Situated, Plaintiffs-Appellants, v. Civil Service Commission of the City of Springfield, Illinois, J. H. Weiner, Chairman, Harold C. Hawkins, Member, John G. Murphy, Member, Individually and as Members of the Civil Service Commission, Harlan S. Watson, Nelson O. Howarth, Mayor, and Silver Suarez, Chief of Police, Defendants-Appellees.

Gen. No. 10,583.

Fourth District.

April 26, 1965.

R. Garrett Phillips, of Springfield, for appellant.

W. J. Simhauser, of Springfield, for appellees, and William P. Sheehan, of Springfield, for Harlan S. Watson, appellee.

MORAN, J.

Plaintiff appeals from a final order of the Circuit Court of Sangamon County granting defendants' motion to dismiss his complaint, which was styled Arlis W. Castleman, a resident and taxpayer of the City of Springfield, Illinois, on behalf of himself and all others similarly situated, Plaintiff, v. Civil Service Commission of the City of Springfield, Illinois, J. H. Weiner, Chairman; Harold C. Hawkins, Member; John G. Murphy, Member, individually and as members of the Civil

Service Commission, Harlan S. Watson, Nelson O. Howarth, Mayor, and Silver Suarez, Chief of Police, Defendants.

One of the aforesaid defendants was Harlan S. Watson, a discharged policeman of the City of Springfield who had filed a petition for reinstatement before the Civil Service Commission of the City of Springfield. Arlis W. Castleman, claiming to represent himself and other taxpayers of the City of Springfield, appeared at the hearing and filed a written application for leave to intervene in opposition to the petition for reinstatement. He was recognized by the chairman of the Commission and was made a party of record to the proceedings. Castleman, by his attorney, presented a closing oral argument supporting his application for leave to intervene. The Civil Service Commission thereafter rendered its written administrative decision reinstating Watson to the Springfield Police Department by a vote of two to one.

Castleman, who hereafter will be referred to as plaintiff, then brought suit in the Circuit Court of Sangamon County under the Illinois Administrative Review Act, as a resident and taxpayer of the City of Springfield, Illinois, on behalf of himself and all others similarly situated. He alleged that the decision of the commission adversely affected his legal rights and the other plaintiffs who were similarly situated; that he and all others similarly situated were properly made parties to said proceeding, by an order granting his application for leave to intervene and through his attorney participating in the proceeding; that he owns real estate and is an actual taxpayer residing within the corporate boundaries of the City of Springfield, Illinois; that the findings and the decision of the Civil Service Commission are such that if the allegations contained in his complaint are true, a loss to plaintiff, a general taxpayer of the City of Spring-

27

field, Illinois, and all others similarly situated would ensue in that the reinstatement of said Harlan S. Watson would cause an illegal expenditure of money from the general corporation fund of the City of Springfield and would be a misappropriation of general funds in which the plaintiff and all· other taxpayers similarly situated have an ownership.

The motion to dismiss the complaint was based upon the proposition that the plaintiff had no legal capacity or standing to file an action for administrative review of the decision of the Civil Service Commission because there were no factual allegations contained therein which showed that the decision would affect his personal legal rights, duties or privileges. It is plaintiff's theory that as a resident and taxpayer of the City of Springfield, Illinois, he was a proper party to intervene in a civil service hearing and that having been made a party to the proceedings by the Civil Service Commission, he has the right, under the Administrative Review Act, to challenge the adverse decision of the commission.

█ Paragraph 1 of the Administrative Review Act, § 264, c 110, Ill Rev Stats 1963, defines an administrative decision as meaning any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties. From this definition it is evident that unless a person has some certain individual legal right, duty or privilege which is adversely affected by the decision of the administrative agency, then he has no right to bring an action for administrative review. This rule was announced and followed by the Illinois Supreme Court in the case of Winston v. Zoning Board of Appeals of Peoria County, 407 Ill 588, 95 NE2d 864. The Winston case arose under the Administrative Review Act. In ·that case the plaintiffs appealed from the judgment of the trial

28

court which dismissed their complaint seeking administrative review of a decision of the Zoning Board of Appeals of Peoria County. The complaint alleged that the zoning board had granted a use variance to a property owner, that the value and use of the plaintiff's property was affected by the variance granted, that plaintiffs were parties of record to the appeals from the decision of the zoning officer, that the zoning board decision was illegal for various reasons, and that they were aggrieved by the decision. In affirming the trial court's order dismissing the complaint, the court said at page 595: "To show a cause of action, it was incumbent upon plaintiffs to allege specific facts showing that they were parties to the administrative proceeding whose rights, privileges or duties were adversely affected by the decision of the zoning board. (Ill Rev Stats 1949, c 110, par 264; Krachock v. Department of Revenue, 403 Ill 148, 85 NE2d 682.) This, they have failed to do and, consequently, the complaint does not state a cause of action."

The Illinois Supreme Court followed the same rule in the cases of 222 East Chestnut St. Corp. v. Board of Appeals of City of Chicago, 10 Ill2d 130, 139 NE2d 221 and 10 Ill2d 132, 139 NE2d 218. Both of these cases arose out of the granting of a use variation by the Chicago Zoning Board of Appeals permitting the building of an apartment building without observing a setback line. The plaintiff, which owned an apartment building diagonally across the street, objected to the granting of the variance on the basis that its light, air, and fire protection would be diminished and its taxable value decreased. There was no proof to support these allegations nor proof of any other actual damage to the plaintiff. The supreme court pointed out on page 135 that it had heretofore held that the right to review a final administrative decision is limited to those parties of record in the proceeding

29

before the administrative agency whose rights, privileges or duties are affected by the decision. On this basis the Illinois Supreme Court affirmed the judgment of the Superior Court of Cook County dismissing plaintiff's complaint, saying, ". . . under our decision in the Winston case it was incumbent upon plaintiff to allege and prove it would in fact be adversely affected by the board's decision. This it has failed to do."

Two years later, in 222 East Chestnut St. Corp. v. Board of Appeals of City of Chicago, 14 Ill2d 190, 152 NE2d 465, our supreme court said at pages 191–92:

"Under the circumstances of the case our first consideration must be given to the question of whether the plaintiff may maintain an action under the Administrative Review Act. (Ill Rev Stats 1957, c 110, par 264 et seq.) The law is well settled that the right to review a final administrative decision is limited to those parties to the proceeding before the administrative agency whose rights, privileges or duties are affected by the decision. (Winston v. Zoning Board of Appeals, 407 Ill 588, 95 NE2d 864; Krachock v. Department of Revenue, 403 Ill 148, 85 NE2d 682.) In recently applying this principle in zoning litigation to which the present plaintiff was also a party, we held it is incumbent upon the party seeking review to both allege and prove that the board's decision would in fact adversely affect such party. (222 East Chestnut St. Corp. v. Board of Appeals, 10 Ill2d 130, 139 NE2d 221, and 10 Ill2d 132, 139 NE2d 218.) This is in accord with the majority view which holds that the right to maintain a suit in such cases depends upon whether the zoning inflicts a special or peculiar injury upon the party bringing the suit. See: 37 ALR2d 1143."

■ The mere fact that the plaintiff recites in his complaint that he is a taxpayer and resident of the City of Springfield; that tax revenues to which he contributes would be used in part to pay salary and retirement benefits to the defendant, and his conclusion that this would be a misappropriation of general public funds of the city, does not allege any special damage to the plaintiff, and does not confer any standing upon him to sue, since his complaint contains no specific allegations showing that his personal rights, duties or privileges are affected by the administrative decision. (McPike v. Illinois Terminal R. Co., 305 Ill 298, 137 NE 235; Koehler v. A Century of Progress, 354 Ill 347, 188 NE 445.) There is a general concurrence in the decisions that the interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. The interest must be one arising from a claim to the subject matter of the action or some part thereof; one whose interest in the matter of litigation is not a direct or substantial interest, but is an indirect, inconsequential, or contingent one, cannot intervene. (39 Am Jur, Parties, Sec 61, p 935.)

■ Applying the above principles to the case at bar, it is apparent that plaintiff, Castleman, did not have and did not demonstrate any direct or substantial interest in the hearing before the Civil Service Commission and, therefore was not a proper person to be made a party thereto. For example, he was not one who had made application for appointment to the police department and therefore one who might be required to wait a longer period of time for that appointment if the Civil Service Commission ordered the reinstatement of the defendant. Plaintiff's interest was no

different in degree or kind from that of any other citizen or taxpayer of the City of Springfield.

 It is further stated as firmly established administrative law that to entitle one to appeal from an administrative decision, his interest must be some special and peculiar personal interest directly and materially affected by the alleged unlawful action, and an interest which is not different in legal character from that of citizens and taxpayers in general may be held insufficient. (2 Am Jur2d, Administrative Law, Sec 575, p 395.) The mere fact that a party was permitted to intervene in an administrative proceeding does not give him a standing to sue for relief in the courts or to appeal under a statute granting each party to the proceeding a right to review. (2 Am Jur2d, Administrative Law, Sec 576, p 397.) The legal test of that right is one's substantial interest in the administrative proceeding, whether or not one would be aggrieved by the administrative agency order, whether one's legal rights, duties or privileges would be affected by the administrative decision.

Plaintiff has met none of these requirements. He was not a proper party to the administrative proceeding. He, therefore, cannot be considered a proper party to institute administrative review. Accordingly, the judgment below is affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.