**LA SALLE NATIONAL BANK, not personally but as Trustee, under Trust No. 17365, and Aaron B. Weiner, Plaintiffs-Appellants,**

v.

**222 EAST CHESTNUT STREET CORPORATION, Defendant-Appellee.**

**No. 14816.**

United States Court of Appeals
Seventh Circuit.
Oct. 27, 1965.

As Amended Dec. 8, 1965.

Rehearing Denied Dec. 30, 1965.

Abner J. Mikva, Robert Plotkin, Fred R. Mardell, Milton I. Shadur, Chicago, Ill., for appellants.

Samuel W. Block, Howard R. Barron, Eugene T. Noonan, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This suit was brought to recover $1,000,000 in damages for alleged malicious prosecution. It was tried to a jury. However, the trial judge granted defendant's motion for a directed verdict.

This suit is merely one chapter in a long story of litigation between the parties dating back to 1956. In order to understand the issues in the instant case, it is necessary to set forth, as briefly as possible, some of the history of the previous litigation.

Plaintiff bank is the trustee under Trust 17365 and is land trustee of property located at 253 East Delaware Place, Chicago. Plaintiff Aaron B. Weiner is the owner of the entire beneficial interest in this trust.

Defendant (sometimes referred to as 222 Corporation) owns and operates real estate at 222 East Chestnut Street in Chicago upon which is located an apartment building. This property faces upon a different street than plaintiffs' property but is in the same neighborhood. At the nearest point, defendant's property and plaintiffs' property are 184½ feet apart.

In December 1955, plaintiffs filed an application with the Zoning Board of Appeals of Chicago for a variation from the zoning ordinance to permit the erection of an apartment building up to the front line of their property, claiming that if so erected, the building would be in direct line with all other buildings located in that block. Five hearings were held by the Board of Appeals. The defendant herein strongly objected to the requested variation. On March 13, 1956, the Board of Appeals determined that the variation should be allowed.

However, a building permit was not then issued. This was largely due to defendant's institution of three suits against plaintiffs charging a violation of the zoning ordinance of the City of Chicago. These suits may be designated as 1) Zoning violation suit which was finally determined by the Supreme Court of Illinois, 222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 10 Ill.2d 130, 139 N.E.2d 221; 2) the State Court injunction suit finally determined by the Appellate Court of Illinois, First Division, 15 Ill.App.2d 460, 146 N.E.2d 717, and 3) The federal court injunction suit which was finally determined by this Court, 253 F.2d 484. The defendant, 222 Corporation, was unsuccessful in all three cases at all court levels.

Suit 1 has been referred to in this litigation as the "Underlying Suit." In that case, 222 Corporation brought an action in the Superior Court of Cook County seeking to reverse the action of the Chicago Zoning Board of Appeals in granting a variation. The Superior Court affirmed the Board's decision and 222 Corporation appealed directly to the Illinois Supreme Court which in turn, affirmed the decree of the Superior Court, holding that 222 Corporation had not proved it had or would suffer any injury by reason of the building's construction.

In Suit (2), the State Court injunction suit, 222 Corporation sought to restrain plaintiffs from constructing their garage building up to the rear lot line of plaintiffs' property hereinbefore described. The Illinois Appellate Court affirmed, again on the ground that 222 Corporation had failed to establish it would be injured by reason of the proposed construction.

222 Corporation then filed the federal court injunction suit again seeking to restrain plaintiffs from constructing the apartment building in accordance with the variance. This suit made no reference to the Underlying Suit, but urged that plaintiffs were violating the zoning ordinance. The United States District Court dismissed the suit and this Court affirmed, stating that the matter had been conclusively settled in the Underlying Suit.

After the Underlying Suit had been terminated, plaintiffs brought suit against 222 Corporation on the $60,000 bond which had been posted for the supersedeas and stay order. The District Court entered judgment for the full amount of the bond. This Court affirmed the judgment reversing only that portion thereof that had awarded interest and attorney fees. Weiner v. 222 East Chestnut Street Corporation, 303 F.2d 630.

The instant case was tried to a jury. Plaintiffs produced testimony and ex-

hibits showing the physical relationship between plaintiffs' and defendant's property. Plaintiffs also produced evidence tending, at least, to prove that material allegations in 222 Corporation's complaint in the Underlying Suit were not true, and that 222 Corporation's officers knew that they were untrue.

The trial court separated the questions of probable cause and damages. It was on the question of probable cause that the District Court directed a verdict favoring 222 Corporation. Therefore, the issue to be determined here is whether or not there was sufficient evidence of defendant's lack or want of probable cause in bringing the prior suits to warrant submission of this question to the jury.

■ It is, of course, fundamental that in a malicious prosecution suit, the complaint must allege a lack of probable cause. The proof of such element is usually evidentiary in nature. La Salle National Bank v. 222 East Chestnut Street Corporation, 7 Cir., 267 F.2d 247, cert. den. 361 U.S. 836, 80 S.Ct. 88, 4 L.Ed.2d 77.

■■ It is also fundamental that in determining the propriety of a directed verdict, the evidence and the inferences arising therefrom must be viewed in the light most favorable to the opposing party. Pinkowski v. Sherman Hotel, 7 Cir., 313 F.2d 190, 192. This general rule is applicable to malicious prosecution suits. Brandt v. Pennsylvania Railroad Company, 7 Cir., 231 F.2d 848, 851, 57 A.L.R.2d 1078, and Stueber v. Admiral Corporation, 7 Cir., 171 F.2d 777, 779.

Plaintiffs state that their theory of this case is that "defendant's complaint in the Underlying Suit was false; more specifically, that defendant lacked probable cause for alleging the special damages referred to, the allegations which were necessary to give it any standing and right to come into court at all. These, as we have seen, were the allegations which turned out ultimately to be decisive."

We have previously taken note of the many suits started by defendant against plaintiffs herein. We said "It must be admitted that the suits brought by 222 [1] were prosecuted with vigor and enthusiasm. A love of litigation might even be inferred." La Salle National Bank v. 222 East Chestnut Street Corporation (1959), 267 F.2d 247, 254. In that same opinion, we pointed out that we were not passing on several questions discussed in the briefs including "want of probable cause" and "malice."

Defendant places much emphasis upon its stated beliefs that the variation order was void and that it had standing to sue under the Cities and Villages Act. However, these arguments were not made in the trial court. In fact, this claim would seem to be in contradiction of 222 Corporation's argument in the District Court. Furthermore, at no prior time in this litigation was it urged that the variation order was void for lack of sufficient findings.

Defendant argues that proof of specific damages was thought by defendant to be unnecessary when the Underlying Suit was commenced. Nevertheless, the fact remains that such allegations were included in the complaint in considerable detail.

Defendant says it was misled by some previous decisions of the Illinois Supreme Court, but it is undisputed that after the decision of the Illinois Supreme Court in the Underlying Suit, defendant

1. In this opinion, 222 East Chestnut Corporation is usually referred to as "222 Corporation" or "defendant."

continued and reaffirmed its policy of objecting to and resisting all applications upon behalf of properties in the neighborhood for zoning variations or special uses.

Under the evidence presented, a jury might have concluded the allegations of special damages were included in the complaint because the officers and defendants of 222 East Chestnut were of the belief that without them, 222 East Chestnut would have no standing to seek review under the Administrative Review Act.

The allegations of special damages are in the complaint in the Underlying Suit. The defendant put them there. The Illinois Supreme Court held they were material. In fact, so material, that lack of proof of these allegations caused them to lose the lawsuit.

Upon the basis of 222 East Chestnut's allegation in its complaint that its light, air and fire protection would be interfered with; that its taxable value would be diminished and that traffic congestion would be increased in front of its premises, defendant herein obtained a temporary stay order which prevented plaintiffs herein from using their property for construction purposes for a period of 146 days.

For a period of more than five years, plaintiffs have been brought through trial and appellate courts, state and federal. Defendant's suits have prevented plaintiffs from using their property as planned. Under all the circumstances, we hold plaintiffs were entitled to have a jury pass upon their contentions. Plaintiffs were entitled to their full day in court.

We hold the District Court's order directing a verdict in favor of defendant was error and should be and is hereby reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.