Eleanor G. **FEARON**, et al.

v.

**COMMUNITY FEDERAL SAVINGS AND LOAN OF PHILADELPHIA, now by merger, Atlantic Financial.**

**Civ. A. No. 87–3752.**

United States District Court, E.D. Pennsylvania.

Jan. 6, 1988.

**14**

James A. Butz, Easton, Pa., for plaintiffs.

Miles H. Shore, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This action arises out of a home improvement loan and mortgage on real estate owned by the plaintiffs. Plaintiffs seek damages based upon an alleged violation of the Consumer Credit Protection Act, 15 U.S.C.A. § 1601, *et seq.*, and the regulations adopted pursuant thereto, as well as damages for misrepresentation and slander of title.

On October 13, 1987, on motion of defendant and in the absence of a response by plaintiffs, I dismissed this complaint and action. Without seeking leave of the court, plaintiffs filed an amended complaint on November 9, 1987. Defendant now moves to dismiss the amended complaint.

The short history of this action to date is marked by the plaintiffs failure to comply with the requirements of the Federal Rules of Civil Procedure. On September 2, 1987, defendant filed its motion to dismiss the original complaint. Under the Federal Rules of Civil Procedure, plaintiffs were required to respond to that complaint no later than September 20, 1987 (assuming

service was made by mail). Plaintiffs never responded to that motion. Therefore, I granted defendant's motion and dismissed the action *and the complaint* without prejudice on October 13, 1987.

Four weeks later, on November 9, 1987, and without seeking leave of the Court, plaintiffs filed an amended complaint. On December 2, 1987, defendant moved to dismiss the amended complaint in its entirety on the ground that it was filed without leave of the Court after dismissal of the action.

Plaintiffs contend that an amendment of right is permitted under Federal Rule of Civil Procedure 15(a) at any time before an answer is served, even after dismissal of the complaint and action. In support of this proposition, plaintiffs cite several cases from three other circuits.[1]

■ Plaintiffs fail to recognize the clear case law holding that where there has been a final order, the plaintiff may not amend the complaint without leave of the Court. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1554–55 (11th Cir.1984). This approach "is consistent with Rule 15's liberal mandate that leave to amend be 'freely given when justice so requires,' without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment." *Czeremcha*, 724 F.2d at 1554–55 (citations omitted). *See also Green v. Humphrey Elevator & Truck*, 816 F.2d 877, 879 n. 4 (3d Cir.1987).

---

1. *Case v. State Farm Mutual Automobile Ins. Co.*, 294 F.2d 676 (5th Cir.1961); *222 East Chestnut Street Corp. v. Lakefront Realty Corp.*, 256 F.2d 513 (7th Cir.), *cert. denied*, 358 U.S. 907, 79 S.Ct. 232, 3 L.Ed.2d 228 (1958).

 *Massachusetts Mutual Life Ins. Co. v. Ambassador Concessions, Inc.*, 489 F.2d 282 (5th Cir. 1973), cited by plaintiffs, is not on point. There, the plaintiff had sought leave to amend the complaint, which the court denied.

 In *Mayes v. Leipziger*, 729 F.2d 605 (9th Cir. 1984); *Breier v. Northern Calif. Bowling Proprie-*tors' Ass'n, 316 F.2d 787 (9th Cir.1963); *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir.1961); and *Peckham v. Scanlon*, 241 F.2d 761 (7th Cir. 1957), no final orders had been entered before the plaintiffs sought to amend the complaints. The same was apparently true in *Peterson Steels, Inc. v. Seidmon*, 188 F.2d 193 (7th Cir.1951). Therefore, these cases are not persuasive here, where both the action and complaint have been dismissed.

In the present case, both the complaint and the action were dismissed on October 13, 1987. The plaintiffs had no right to file the amended complaint without leave of the Court.

In the alternative, plaintiffs ask this Court to grant them leave to amend their complaint *nunc pro tunc.*[2] Plaintiffs' conduct in this action has been extremely dilatory. More importantly, plaintiffs have, to date, made no attempt to explain their failure to respond to the motion to dismiss the complaint, or to amend their complaint in a timely manner. This is not simply a case in which plaintiff seeks to amend a complaint late in the discovery period. *See Roche v. E.F. Hutton & Co., Inc.,* 658 F.Supp. 315 (M.D.Pa.1986). In effect, plaintiffs now seek to circumvent the finality of my order of October 13, 1987 dismissing the action.

■ Over a month passed between the time defendant filed its motion to dismiss and the time I granted that motion. The prejudice to the defendant is apparent. Therefore, before I consider this request, I will require plaintiffs to show good cause for their delinquent attempt to amend the complaint, and to explain why justice requires that leave be granted to amend their complaint.

An appropriate order is attached.

### ORDER

Upon review of defendant's motion to dismiss the amended complaint, plaintiffs' response, the memoranda submitted by the parties, and for the reasons stated in the attached memorandum, IT IS ORDERED that:

1. Plaintiffs shall, within seven days of this Order, submit a memorandum to the Court detailing the reasons for their failure to respond to the motion to dismiss the complaint, and their failure to amend the complaint in a timely manner;

2. Defendant shall have five days from service of plaintiffs' memorandum in which to file a response;

**2.** This request is found only in the plaintiffs'

3. I will withhold consideration of the motion to dismiss the amended complaint until I have an adequate basis for consideration of plaintiffs' request for leave to file an amended complaint, *nunc pro tunc.*

IT IS SO ORDERED.