PHILLIP GOLDBERG, d/b/a Monitor Marketing Group, Plaintiff-Appellant, v. THE DEPARTMENT OF THE LOTTERY *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—94—1046

Opinion filed August 30, 1995.

Phillip Goldberg, of Chicago, appellant *pro se.*

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and John Schmidt, Assistant Attorney General, of counsel), for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Phillip Goldberg, d/b/a Monitor Marketing Group, filed a complaint for administrative review against defendants, the Department of the Lottery and Desiree G. Rogers in her official capacity as Director of the Department of the Lottery (collectively hereinafter Department), on May 10, 1993. The trial court entered an order dismissing plaintiff's cause of action for lack of standing on March 4, 1994. It is from this order that plaintiff now appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons that follow, we affirm.

Plaintiff, a veteran commercial banker, approached personnel of the Department to discuss with them a business venture he was contemplating. Plaintiff envisaged the development of a business that would receive assignments of future payments of lottery winnings from deferred prize winners in exchange for a lump sum cash payment equal to the net present value of their winnings. The Department advised plaintiff that voluntary assignments of lottery winnings were prohibited by section 13 of the Illinois Lottery Law (section 13) (20 ILCS 1605/13 (West 1992)).[1] However, it was plaintiff's

---

[1]Section 13 of the Illinois Lottery Law provides:

"No prize, nor any portion of a prize, nor any right of any person to a prize awarded shall be assignable. Any prize, or portion thereof remaining unpaid at the death of a prize winner, may be paid to the estate of such deceased prize winner, or the trustee under a revocable living trust established by the deceased prize winner as settlor, provided that a copy of such a trust has been filed with the Department along with a notarized letter of direction from the settlor and no written notice of revocation has been received by the Department prior to the settlor's death. Following such a settlor's death and prior to any payment to such a successor trustee, the Director shall obtain from the trustee and each trust beneficiary a written agreement to indemnify and hold the Department harmless with respect to any claims that may be asserted against the Department arising from payment to or through the trust. Notwithstanding any other provision of this Section, any person pursuant to an appropriate judicial order may be paid the prize to which a winner is entitled, and all or part of any prize otherwise payable by State warrant under this Sec-

contention that section 13 permitted assignments if they were approved by the circuit court.

Plaintiff never actually entered into an assignment agreement with a winner or sought to have any such contract approved by the circuit court. Instead, plaintiff requested an administrative hearing pursuant to section 7.3 of the Illinois Lottery Law (20 ILCS 1605/7.3 (West 1992)) to "create a public record" and bring this issue along with other allegations against the Lottery Control Board (Board) to public attention.

Plaintiff's claims were dismissed by the appointed hearing officer for lack of standing as he had not shown that he had been adversely affected by the Department's interpretation of section 13 or any of the other acts of malfeasance alleged. Plaintiff pursued a review of the hearing officer's findings by the Board and ultimately the Director of the Department, both of whom sustained the findings of the appointed hearing officer. Plaintiff then filed his complaint for administrative review with the circuit court pursuant to section 25 of the Illinois Lottery Law (20 ILCS 1605/25 (West 1992)) and the Illinois Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)). The circuit court dismissed plaintiff's complaint for lack of standing.

■ Section 25 of the Illinois Lottery Law states: "Any party *adversely affected* by a final order or determination of the Board *** may obtain judicial review ***." (Emphasis added.) (20 ILCS 1605/25 (West 1992).) In an administrative review action, a plaintiff must allege and the record must show that he personally was adversely affected by the decision rendered by the administrative agency. The failure of a plaintiff to sustain this burden will cause his complaint to be dismissed for lack of standing. *Williams v. Department of Labor* (1979), 76 Ill. 2d 72, 79-80, 389 N.E.2d 1177; *Castleman v. Civil Service Comm'n* (1965), 58 Ill. App. 2d 25, 29, 206 N.E.2d 514.

■ In the case *sub judice*, the record is devoid of evidence which indicates injury to any legally cognizable interest suffered as a result of the Department's actions. Plaintiff contends he was economically disadvantaged because he felt restrained from consummating any agreements or contracts with deferred prize winners due to the Department's interpretation of section 13. While this may be true,

---

tion shall be withheld upon certification to the State Comptroller from the Illinois Department of Public Aid as provided in Section 10—17.5 of The Illinois Public Aid Code. The Director shall be discharged of all further liability upon payment of a prize pursuant to this Section." 20 ILCS 1605/13 (West 1992).

any damages plaintiff sustained are merely speculative in nature and have not been realized. Had plaintiff executed a contract with a prize winner assigning deferred payments in exchange for a current cash value payment, he would then have been in a legal position to challenge the Department's refusal to recognize the assignment, both at the administrative level and then in the circuit court.

Alternatively, plaintiff asserts that he has standing as a taxpayer to maintain his cause of action against the Department. However, this court has previously held that an individual only has standing to appeal from an administrative decision if he possesses a special and peculiar individual interest that is directly and materially affected by the challenged action rather than an interest common to other citizens and taxpayers. (*Castleman v. Civil Service Comm'n* (1965), 58 Ill. App. 2d 25, 29, 206 N.E.2d 514.) Moreover, a taxpayer only has standing to sue if a misappropriation or misuse of public funds is alleged and shown. (*Citizens for the Preservation of Knox County, Inc. v. Department of Mines & Minerals* (1986), 149 Ill. App. 3d 261, 267, 500 N.E.2d 75.) Plaintiff did not include any such allegations in his complaint and, therefore, he lacks standing to pursue his claims under this theory. Consequently, we believe the trial court did not err in dismissing plaintiff's complaint.

In light of the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

GREIMAN, P.J., and CERDA, J., concur.