Rudopi Zanbetiz, a/k/a Rodopi Zambetis, Plaintiff, v. Trans World Airlines, Inc., a Corporation, City of Chicago, a Municipal Corporation and United States Fidelity and Guaranty Company, a Corporation, Defendants.

Rudopi Zanbetiz, a/k/a Rodopi Zambetis, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, and United States Fidelity and Guaranty Company, a Corporation, Defendants-Appellees.

Gen. No. 50,539.

First District, Third Division.

June 23, 1966.

Herbert P. Veldenz, of Chicago (Herbert P. Veldenz, Vera E. Cuthbert and George J. Laird, of counsel), for appellant.

Berchem, Schwantes & Thuma, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This case involves an appeal by plaintiff from judgment orders sustaining the motions of the City of Chicago and United States Fidelity and Guaranty Company to strike an amended complaint, and dismissing the amended complaint as to them.

Plaintiff raises the following points: (1) that the motions of the defendants did not comply with section 45 of the Civil Practice Act, and (2) that where a complaint sets forth ultimate facts which point to an imposition

through deception upon a legal right possessed by a plaintiff, the complaint states a cause of action.

For a clear understanding of the case, the pertinent allegations of the amended complaint are herein summarized.

Count I alleged that the defendant, City of Chicago, owned, operated and controlled the Chicago O'Hare International Airport, together with the facilities thereon. That Trans World Airlines, Inc., was a public carrier for hire and used and availed itself of the facilities at Chicago O'Hare International Airport. That the plaintiff arrived at the airport on a TWA plane and while using an escalator to obtain her luggage fell, incurring injuries. The plaintiff also alleged that she was at all times in the exercise of ordinary care for her own safety. The amended complaint further alleged that the defendant, City of Chicago, was guilty of acts of negligence or omission which caused the injury to the plaintiff. Other allegations of negligence were asserted against Trans World Airlines, Inc.

Count II of the amended complaint alleged: 1. That on November 17, 1962, the plaintiff was a citizen of the country of Greece and arrived at Chicago O'Hare International Airport to visit relatives in this country. 2. That plaintiff was injured on the premises and notified defendant, Trans World Airlines, Inc. of said injury. 3. That plaintiff did not know that Chicago O'Hare International Airport was owned, operated and controlled by the City of Chicago. 4. That subsequent to said date and on various occasions plaintiff was visited by an investigator or adjuster representing the defendant, United States Fidelity and Guaranty Company, a corporation, and said investigator or adjuster discussed settlement of plaintiff's claim. 5. That said investigator or adjuster, as agent and servant of defendant, City of Chicago, and United States Fidelity and Guaranty Company, acting within the full scope of his employment,

at no time informed the plaintiff that Trans World Airlines, Inc. was not the owner of the said airport, or that the defendant, United States Fidelity and Guaranty Company represented and was acting on behalf of the defendant, City of Chicago. 6. That on March 9, 1964, the plaintiff was informed by the defendants, United States Fidelity and Guaranty Company and City of Chicago that her claim was being denied because of her failure to comply with the statutory notice of injury to the City of Chicago within a six-month period. 7. That said notice from said defendants was the first information the plaintiff had received that her claim might be against someone other than Trans World Airlines, Inc. 8. That the actions of the investigator or adjuster of the defendant, United States Fidelity and Guaranty Company, acting within the full force and scope of his employment as agent of the said defendant, and defendant, City of Chicago, were made to deceive and did deceive the plaintiff, as a result of which the plaintiff has been greatly damaged and deprived of whatever cause of action she might have had at law against the City of Chicago as a result of the negligence of the defendant, City of Chicago.

The original complaint was filed on November 12, 1964, and after motions to dismiss were filed by both the City of Chicago and United States Fidelity and Guaranty Company, the plaintiff obtained leave and filed the amended complaint on January 7, 1965. The defendant, City of Chicago, thereafter filed a motion to dismiss the amended complaint, setting forth that there was no compliance with chapter 24, section 1-4-2, of the Illinois Revised Statutes, entitled Notice of Injury, and is thus barred by virtue of section 1-4-3 of chapter 24. The motion also set forth that the summons initiating the action was taken out on November 12, 1964, more than one year following the accrual of the action and is thus barred by chapter 24, section 1-4-1. The motion also

stated, as a further reason for the motion to dismiss, that the allegations of the plaintiff's amended complaint do not state a cause of action against this defendant.

The motion of the United States Fidelity and Guaranty Company to strike set forth that the complaint failed to state a cause of action against that defendant; that the complaint alleges merely conclusions of the pleader and not ultimate facts, and that the complaint on its face shows a lack of due care and diligence on the part of the plaintiff to inform herself of the proper parties defendant. This motion was permitted by order of court to stand as a motion to strike Count II of the amended complaint.

The motions of both City of Chicago and United States Fidelity and Guaranty Company to dismiss the amended complaint were sustained and orders dismissing the amended complaint as to both of the defendants were entered.

Trans World Airlines, Inc. filed an answer to the amended complaint and is still a party to this proceeding in the trial court.

The orders dismissing the amended complaint contained appropriate language to the effect that there was no just reason for delay of enforcement and appeal of the orders.

The plaintiff first argues the deficiencies in both motions and points out that under section 45 of the Illinois Practice Act (Ill Rev Stats 1963, c 110, § 45) a motion to strike and dismiss must specifically point out the defects complained of and a motion to dismiss on the ground that the complaint is insufficient in law must point out where the complaint is insufficient. The motion of the City of Chicago specifically pointed out the failure of the plaintiff to notify the City of Chicago within six months from the date of such injury, and other information required by statute, (Ill Rev Stats 1963, c 24, par 1–4–2,) and, likewise, was specific in

196

pointing out that upon the failure to give such notice, as provided, any such civil action commenced against a municipality shall be dismissed and that said party shall be forever barred from suing. (Ill Rev Stats 1963, c 24, par 1–4–3.) Said motion was specific, also, in pointing out that under section 1–4–1 of c 24 (Ill Rev Stats 1963, c 24, par 1–4–1), the action was not initiated within one year after the cause of action accrued.

The motion of the City of Chicago, in stating that the allegations of plaintiff's amended complaint do not state a cause of action against the City of Chicago, did not comply with the provisions of section 45 of the Illinois Practice Act (Ill Rev Stats 1963, c 110, § 45) in that it failed to point out wherein the amended complaint was insufficient as a matter of law. The motion of United States Fidelity and Guaranty Company to dismiss the amended complaint was, likewise, in general terms and failed to point where the amended complaint was insufficient. However, the record in this case fails to disclose that any objection to the insufficiency of the motions was made in the trial court.

In Yellen v. Bloom, 326 Ill App 134, 61 NE2d 269, on page 138, the court said:

> "Plaintiff asserts that defendants' motions to strike and dismiss are not sufficient in law. Rule 42 of the municipal court of Chicago requires all objections to pleadings to be raised by motion, which shall point out specifically the defects complained of, and that where the motion is to dismiss, or for judgment, or to strike the pleading, because it is insufficient in law, it (the motion) must specify wherein such pleading is insufficient. The rule is substantially the same as sec 45 of the Civil Practice Act (par 169, ch 110, Ill Rev Stat 1943 (Jones Ill Stats Ann 104.045)). The statute and the rules indicate that motions to dismiss or to strike are required to be in writing, for they speak of the

'filing of the motion.' In the instant case the notice stated that motions would be made and the motions were made. However, they were not in writing. The clerk in making the record wrote the motions as they appeared in the notices, or as they were stated orally. The oral motions were heard without objection as to form. *At this time plaintiff cannot be heard to complain.* The record recites that the court was fully advised in the premises. The better and safer practice is to file written motions." (Emphasis supplied.)

Numerous cases have been cited by the plaintiff and both defendants regarding the insufficiency and sufficiency of the motions, but we believe it would serve no purpose to discuss the many cases cited, inasmuch as no objections to the form or sufficiency of the motions were raised in the trial court. Since the sufficiency of the motions was not attacked in the trial court, objections to them cannot be raised here for the first time on appeal.

We now come to the question of whether the amended complaint stated a cause of action. On a motion to strike and to dismiss, the pleading is construed most strongly against the pleader. Stedman v. Spiros, 23 Ill App2d 69, 161 NE2d 590; Washington v. Courtesy Motor Sales, Inc., 48 Ill App2d 380, 199 NE2d 263; Delta Die Casting Co. v. Village of Schiller Park, 17 Ill App2d 543, 150 NE2d 843.

An examination of the amended complaint satisfies us that the action of the trial court in dismissing the amended complaint as to the City of Chicago and United States Fidelity and Guaranty Company was correct. The amended complaint, after alleging the injury and notice to Trans World Airlines, Inc., and the fact that the plaintiff was not aware that Chicago O'Hare International Airport was owned, operated and controlled by the City of Chicago, alleges in paragraph 4 that subse-

quent to said date (the date of injury) and on various occasions, plaintiff was visited by an investigator representing the defendant, United States Fidelity and Guaranty Company, and the investigator discussed settlement of plaintiff's claim. The amended complaint failed to allege when the investigator or adjuster visited the plaintiff other than to state that it was subsequent to the date of the accident. If the first visit of the investigator was more than six months after the accident, and by construing the pleading most strongly against the pleader such could be the case, then nothing the investigator said to the plaintiff or did would have been of any consequence for the reason that the time for serving the notice, required by the Cities and Villages Act, upon the defendant, City of Chicago, would have expired, and nothing could be done to correct the failure to serve such a notice within the six month period.

But let us now look to the other allegations of the amended complaint. An attempt has been made to allege a cause of action based on fraud. In Katzin v. Nabco Liquidating Co., 323 Ill App 286, 55 NE2d 409, it was stated that it is settled law that a motion to strike is in the nature of a general demurrer and it admits the truth only of facts properly pleaded, as distinguished from conclusions and every allegation is to be taken most strongly against the pleader. The amended complaint alleges that the plaintiff assumed that Trans World Airlines, Inc. owned and controlled the O'Hare International Airport, but it does not allege that the plaintiff communicated her assumption to the defendants. The plaintiff, according to the amended complaint, did not ask the agent of the defendants who was the owner of the airport. The conclusion by the plaintiff that Trans World Airlines, Inc. owned and operated the airport was not induced by the representative of the defendants. The amended complaint does not allege that the representative of the defendants knew that

the plaintiff had the belief that Trans World Airlines, Inc. owned or controlled the airport. The plaintiff relies to some extent on the case of Peterson v. Yacktman, 25 Ill App2d 208, 166 NE2d 452. On page 213 in that case the court said:

"In the case of Bennett v. Hodge, 374 Ill 326, at 331, the court restated the classical elements of fraud as follows:

" 'It is agreed all of the following elements must be proved in an action based on fraud: (1) The misrepresentation must be of a statement of fact; (2) it must be made for the purpose of influencing the other party to act; (3) it must be untrue; (4) the party making the statement must know or believe it to be untrue; (5) the person to whom it is made must believe and rely on the statement; (6) the statement must be material.' "

In the case before us there is no allegation that the representative of the defendants made any representation or misrepresentation as to the ownership of the O'Hare International Airport either by his action or in writing or orally. The allegation in the amended complaint that the representative of the defendants at no time informed the plaintiff that Trans World Airlines, Inc. was not the owner of the airport, or that the United States Fidelity and Guaranty Company represented and was acting on behalf of the defendant, City of Chicago, is not a charge of concealment which would be actionable unless there was a legal obligation on the part of the investigator to so inform the plaintiff.

In 23 Am Jur, Fraud & Deceit, p 852, § 77, the following statement appears: "Where there is no obligation to speak, silence cannot be termed 'suppression' and is not fraud. Either party may, therefore, be innocently silent as to matters upon which each may openly exercise his judgment." The amended complaint fails to al-

lege that there was any discussion concerning ownership or control of O'Hare International Airport, or that the plaintiff at any time made inquiry respecting the ownership or control. Furthermore, there is no allegation to the effect that plaintiff told the representative of the defendants that she thought Trans World Airlines, Inc. owned or controlled the premises, and that he remained silent. In Ringel v. Pearson, 306 Ill App 285, 293, 28 NE2d 576, the court said: "It is a well-recognized rule that one who seeks relief on account of fraudulent statements must have relied upon such statements." Here no statements were allegedly made regarding the ownership of O'Hare International Airport, and mere silence by the investigator on the subject cannot be construed as a fraudulent representation.

In Kohl v. Lindley, 39 Ill 195, it was claimed that the seller by silence falsely represented the condition of a quantity of hay, and on page 201 the court said: "To make the mere suppression of a fact, such a fraud as will justify a court in declaring the contract void, we believe the more modern and more correct doctrine to be, there must be something more than a failure to communicate facts within the knowledge of the party selling—there must be concealment, and that may consist in withholding the information when it is asked for, or by making use of some device to mislead, thus involving act and intention."

■■ Failure to volunteer information does not constitute fraud. The public records were available to the plaintiff from which she could obtain information as to ownership of the airport. In Champion v. Woods, 79 Cal 17, 21 P 534, 535, the court said: "It is a general principle that if the means of knowledge be at hand, and equally available to both parties, and the subject-matter be open to inspection to both alike, and there be no fiduciary or confidential relation, and no warranty of the facts, the injured party must show that he has

201

availed himself of the means of information existing at the time of the transaction before he will be heard to say that he was deceived by the misrepresentations of the other party." Since no fiduciary or confidential relation existed here, and there was no warranty of the facts, and the plaintiff did not show that she availed herself of the means of information (the public records) existing at the time, she cannot now claim that she was deceived by any acts of the defendants' representative. See also Villareal v. Trevino, 30 Ill App2d 77, 173 NE2d 582.

We conclude that the amended complaint failed to allege a cause of action for fraud and deceit, and the orders of the trial court dismissing the defendants, City of Chicago and United States Fidelity and Guaranty Company, are therefore affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.