Steve Renieris, et al., Plaintiffs, v. Village of Skokie, a
Municipal Corporation; The Chicago Title and Trust
Company, a Corporation, as Trustee Under Trust No.
38036 and John Brooke, et al., Defendants.

The Chicago Title and Trust Company, a Corporation, as
Trustee Under Trust No. 38036, John Brooke, et al.,
Counter-Plaintiffs-Appellees, v. Village of Skokie, a
Municipal Corporation, Counter-Defendant-Appellant.

Gen. No. 51,367.

First District, Second Division.

July 21, 1967.

Harvey Schwartz, of Skokie, for appellant.

Donald L. Vetter, of Chicago, for appellees.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal by the counterdefendant, Village of Skokie, (hereinafter referred to as the Village) from the entry below of an order of summary judgment upon the motion and in favor of the counterplaintiffs, John Brooke, George Eisermann, David Brooke, and Chicago Title and Trust Company.

This cause originated on June 30, 1964, when a group of Skokie residents and a local property owners' association filed a suit in the Circuit Court which prayed for injunctive relief against the Village and the eventual counterplaintiffs to this action as codefendants. The action sought to enjoin the development and construction of a Holiday Inn Motel at the intersection of Niles Center Road and Touhy Avenue within the village limits of the municipality, a large northern suburb of the City of Chicago. The suit was commenced because construction of such a facility had been made possible in the Village by the granting of a special use permit to the instant counterplaintiffs pursuant to an amendatory zoning ordinance en-

acted by that Village's Board of Trustees on June 2, 1964. The granting of such a permit had been theretofore recommended by the local Plan Commission. The permit itself did not issue until June 19, 1964, seventeen days subsequent to the enactment of the amendatory ordinance.

The matter was thereafter referred to a Master in Chancery. The voluminous testimony and exhibits, which had been offered before the Master, showed that in February of 1964 counterplaintiffs, J. Brooke, Eisermann and D. Brooke, had entered into a contract for the purchase of a certain parcel of land situated in the Village of Skokie with counterplaintiff, Chicago Title and Trust Company, as Trustee under Trust No. 38036. The agreed purchase price was $334,566. Thereafter, $20,000 as earnest money deposit was advanced in escrow by the purchasers. The purchasers likewise advanced $10,000 to the Holiday Inns of America for a motel franchise, their intent being to erect a motel bearing the name of that parent organization at the location.

The Master, after hearing considerable testimony and argument on the subject, rendered his finding in August of 1965 upholding the amendatory ordinance of June 2, 1964, as a valid and reasonable exercise of the Village's legislative powers notwithstanding the protests of numerous property owners whose dwellings would be in proximity to the proposed motel. It was the Master's recommendation that a decree be entered accordingly. No objections to this Master's Report were filed by the Village as the Master's findings sustained the Village's then existing contention that a motel use was a proper subject property at the site in question.

Subsequent thereto, and after notice and hearing, the Village Board of Trustees (which then consisted of newly elected members other than those who had acted on the original amendatory ordinance, according to counsel on oral argument) on September 13, 1965, passed and ap-

proved a second amendatory zoning ordinance which repealed the prior ordinance of June 2, 1964, revoked the counterplaintiffs' special use permit, and restored the tract back to its original zoning classification of B–2. A B–2 classification in the Village is a commercial district classification wherein motel construction is prohibited, absent the granting of a special use permit of the B–3 (business district) category, by amendatory ordinance.

This second amendatory ordinance having been enacted and the counterplaintiffs' special use permit having been thereby revoked, the original plaintiffs to this cause, upon their own motion, were eventually dismissed from the litigation. In answer to that motion to dismiss however, and by leave of court, the counterplaintiffs filed this subsequent action against its then codefendant, the Village. The counterclaim prayed that the second amendatory ordinance be declared a nullity, and that the Village be perpetually enjoined from further interfering with the use of the subject property for motel purposes.

The counterclaim alleged in substance that the complainants had expended in excess of $100,000 in reliance upon the amendatory ordinance of June 2, 1964, and that a motel use was, in fact, a proper use of the subject property. The Village, in its answer, denied the propriety of a motel use at the subject site, and further denied that the monies expended had been relinquished in reliance upon the first amendatory ordinance. Issue thereby being joined, the counterplaintiffs moved for a summary judgment accompanied by supporting affidavits. No counteraffidavits were filed by the Village. The Village thereafter filed a motion to strike the motion for summary judgment.

The Chancellor denied the motion to strike and granted the motion for summary judgment, concluding that the Village was estopped from withdrawing the counterplaintiffs' special use permit by virtue of their reliance upon the original amendatory ordinance, which conferred that

permit and the resulting material change of position in the fifteen month interim that followed. The Chancellor rendered no opinion relative to the propriety of a motel use at the subject site. He did, however, expressly order the Master's Report which treated that issue to be made part of the record in the cause. Judgment was entered accordingly, from which the Village has taken this appeal.

It is the Village's theory of the case (1) that the expenditures made by the counterplaintiffs were not made in reliance upon the prior amendatory ordinance as they alleged hence no vested rights to that ordinance have attached; and (2) that there has been no binding determination made in the present litigation as to the propriety of the B–2 reclassification of the subject site.

It is the counterplaintiffs' theory of the case (1) that they have acquired a vested right in the original amendatory ordinance by virtue of their substantial outlay of commitments and monies in good faith reliance thereon; (2) that the Village is precluded from now changing its theory to deny that a motel use at the subject property is proper; and (3) that the testimony taken before the Master clearly established that a motel use at the site was one of the highest and best uses of which that property was susceptible.

The Village first contends that, notwithstanding the Master's finding which upheld the validity of a B–3 utilization of the property, the pertinent question is the propriety of the site's zoning classification in its present and existing state, there having been, as yet, no binding determination of the subject. While this court concedes that, in fact, no determination has to date been rendered relative to the validity and reasonableness of the B–2 reclassification of the would-be motel site, we do not attach any significance to this purported issue.

 The reasoning is clear. Briefly, the propriety of a B–3 special use at the tract in question was considered in depth by the Master below at which time the Village

vigorously advocated the validity of that special use. The Master resolved the issue in favor of permitting the motel use in his report. To that report, which has been properly made a part of the record before this court, the Village never filed objections so as to preserve the question for review. The Village has thereby waived its right to question the validity of a B–3 utilization of the property or to assert that the counterplaintiffs acted in bad faith in relying upon an invalid ordinance. Hiller v. Casey, 26 Ill App2d 261, 168 NE2d 44 (1960) ; Barrett v. Carter, 39 Ill App2d 400, 188 NE2d 736 (1963).

■ The counterplaintiffs and Village do not quarrel with the applicable law on the subject before this court; to wit, a property owner acquires a vested right in a municipal zoning ordinance when he makes a material change of position by incurring expenses or obligations in good faith reliance upon that ordinance, or as the case is here, a special use permit conferred by amendatory ordinance. Deer Park Civic Ass'n v. City of Chicago, 347 Ill App 346, 106 NE2d 823 (1952) ; River Forest State Bank v. Village of Hillside, 6 Ill2d 451, 129 NE2d 171 (1955) ; Fifteen Fifty North State Bldg. Corp. v. City of Chicago, 15 Ill2d 408, 155 NE2d 97 (1958) ; People ex rel. Skokie Town House Builders, Inc. v. The Village of Morton-Grove, 16 Ill2d 183, 157 NE2d 33 (1959) ; Nott v. Wolff, 18 Ill2d 362, 163 NE2d 809 (1960) ; Cities Service Oil Co. v. City of Des Plaines, 21 Ill2d 157, 171 NE2d 605 (1961) ; Cos Corp. v. City of Evanston, 27 Ill2d 570, 190 NE2d 364 (1963) ; People ex rel. Interchemical Corp. v. City of Chicago, 29 Ill2d 446, 194 NE2d 199 (1963). These cases seem to establish the now well accepted rule with the authorities varying only on the degree of change required to create the vested right. 8 McQuillin, Mun Corp 272, 3rd Ed (1965).

■ The special motel use at the subject site having been determined by the Master to constitute a valid utilization of that property without objection from the

Village, there exists but a single factual question in this case. That question is whether the counterplaintiffs had theretofore acquired a vested right in the original amendatory ordinance as a consequence of their substantial outlay of funds in alleged reliance upon the enactment of that ordinance and issuance of the special permit. It is fundamental that a legislative enactment, otherwise valid, cannot operate retroactively to divest a secured property right. Accordingly, should this issue be resolved in the affirmative, the propriety of the B–2 reclassification of the tract is completely immaterial.

The Village next submits that the general principle of law regarding vested rights in municipal ordinances is unavailing to the counterplaintiffs. It is the Village's contention that the expenses incurred were not in reliance upon the first amendatory ordinance as alleged, but rather in anticipation and furtherance of the special permit via the amendatory ordinance to be forthcoming. It maintains further that any liabilities assumed by the counterplaintiffs subsequent to the filing of the original action to enjoin were undertaken in bad faith and at their own risk, the counterplaintiffs being on notice that their special permit was in jeopardy. We do not feel the Village's contentions are supported by the record.

To the contrary, the Chancellor, in granting the motion for summary judgment, found that there existed no material dispute relative to the fact that the counterplaintiffs had expended in excess of $96,000 in reliance upon the amendatory ordinance of June 2, 1964. The Chancellor specifically attributed these expenses to Village permits, attorneys' fees in defense of the original ordinance, attorneys' fees involved in the purchase of the subject property, expenses subsequent to June 2, 1964 incurred to accomplish the building of the motel, and architects' and engineers' fees while disqualifying certain expenditures

totaling $30,000 as having been made prior to the original ordinance.

■ A motion for summary judgment cannot be employed to call upon the court to try issues of fact. Rather, the motion's sole function is to determine whether a genuine and material dispute of fact does exist. Illinois Power Co. v. City of Jacksonville, 18 Ill2d 618, 165 NE2d 300 (1960); Ray v. City of Chicago, 19 Ill2d 593, 169 NE 2d 73 (1960); Schoeffler v. Village of Oak Park, 64 Ill App2d 454, 212 NE2d 517 (1965). Where no material factual issue exists which would otherwise warrant a trial, the motion is properly granted. Ill Rev Stats 1965, c 110, § 57.

■ Here, the counterplaintiffs' motion for summary judgment, together with supporting affidavits, averred with specificity, that in excess of $100,000 had been expended in good faith reliance upon the ordinance of June 2, 1964. The Village never filed counteraffidavits. Instead, the Village elected to test the legal sufficiency of the motion for summary judgment by a motion to strike. It is settled law that where facts well alleged in affidavits in support of a motion for summary judgment are not contradicted by counteraffidavit, the facts so averred must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings, which purport to establish a valid defense and raise bona fide issues of fact. Murphy v. Cory Pump & Supply Co., 47 Ill App2d 382, 197 NE2d 849 (1964); Slone v. Morton, 39 Ill App2d 495, 188 NE2d 493 (1963); St. Louis Fire & Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164 NE2d 625 (1960).

The Village has adhered to the theory that the expenditures were made in anticipation of, rather than in reliance upon, the first amendatory ordinance. Yet, it has failed to offer any evidence which would tend to refute the con-

trary allegations of the affidavits in support of the motion for summary judgment. It does not deny that expenditures were, in fact, made.

■ Points 9, 10, 13 and 14 of the Chancellor's order of February 17, 1966 specifically found that no material dispute existed relative to the fact that the counterplaintiffs had expended $96,000 in good faith reliance upon and subsequent to the original amendatory ordinance. That conclusion is manifestly borne out by the record. Nor can the Village be heard to suggest the absence of good faith by the counterplaintiffs as a triable issue of fact precluding a summary judgment. The counterplaintiffs were justified in considering the amendatory ordinance to be presumptively valid. As previously discussed, the Village has failed to preserve its right to question the validity of the B–3 special use or to assert that the counterplaintiffs proceeded at their own peril in relying on an invalid ordinance. Moreover, the counterplaintiffs have repeatedly alleged and the Village has never denied, that it was the latter's affirmative support which initially induced the reliance.

For the above reasons, the judgment is affirmed.

Affirmed.

BURKE and BRYANT, JJ., concur.