*In re* Estate of MURRAY IRELAND, Deceased—(FIRST NATIONAL BANK OF BATAVIA, Petitioner-Appellee, *v.* STATE BANK OF ST. CHARLES, as Trustee, Respondent-Appellant.)

(No. 70-131;

Second District—March 12, 1971.

Redmond, Shearer, O'Brien & Blood, of St. Charles, for appellant.

Corrigan, Mackay, Quetsch & O'Reilly, of Wheaton, and Howard E. Smith, of Geneva, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This appeal is brought by the State Bank of St. Charles as Trustee of the Murray Ireland Trust from an order of the Circuit Court of Kane County entered March 17, 1970 in favor of the First National Bank of Batavia as Conservator of the Estate of Emma F. Ireland, an incompetent.

On June 15, 1965, the First National Bank of Batavia was appointed conservator of the estate of Emma F. Ireland pursuant to a petition filed June 9. On June 18 Murray Ireland, the husband of Emma, died and on July 13 his Last Will and Testament dated October 10, 1961 and ratified by a codicil dated August 11, 1964 was admitted to probate. That will as amended by the codicil named the State Bank of St. Charles as executor and trustee under certain trust provisions created in the will. Murray Ireland himself had been found incompetent and the St. Charles National Bank appointed conservator of his estate on January 28, 1965.

On August 21, 1968, the conservator of the estate of Emma Ireland filed an amended petition for an order to compel the State Bank of St. Charles as executor and trustee of the estate of Murray Ireland to make payments for the maintenance and support of his widow and to reimburse the conservator for such funds expended by them to date and for fees for the attorney for the conservator. On July 17, 1969, after several hearings were held on the matter and memorandum of law submitted

by respective counsel, an order was entered that found, *inter alia*, as follows:

"That under the Last Will and Testament of Murray Ireland, deceased, there is a duty upon his estate to provide support, maintenance, care and payment of necessary expenses for clothing, medical and other incidental expenses of Emma F. Ireland, incompetent."

The order provided that the State Bank reimburse the conservator in the amount of $17,574.24 for sums expended for the support of Emma Ireland from March 29, 1966 to July 8, 1969 and thereafter to make payments directly to the nursing home for her continued maintenance. It also awarded the attorney for the conservator the sum of $1050.00 for fees.

The next item that appears in the record is a motion filed by the State Bank on September 5, 1969 to "modify and correct" or vacate the order of July 17 since, it was alleged, that order did not contain sufficient findings to support the order entered and was, therefore, "* * * not a final and appealable Order for an issue to be adjoined on appeal." The conservator moved to strike the motion on the grounds that the court had lost jurisdiction of the matter.

On September 19, 1969, the trial court entered an order that denied the motion to strike, found its earlier order "incomplete" and granted the motion to vacate. On October 7, a notice of appeal was filed by the State Bank from a purported order entered September 19 that does not appear in the record before us but apparently granted the same relief to the conservator as the order of July 17. On March 6, 1970 that appeal was stricken without prejudice by this court on the motion of the appellant.

On March 17, 1970, still a further order was entered by the trial court, this one embellished with the heading "Order Construing Trust Agreement", that again compelled the State Bank to reimburse the conservator for sums expended (and the amount had, of course, increased in the interim) and to pay for the continued support of Emma Ireland and attorney's fees. The present appeal is from that order.

The tangled and involved procedure followed in the prosecution of this cause apparently results from a concern as to the appealability of the order of July 17, 1969. However, a careful reading of that order indicates that it disposed of all the issues raised by the conservator's amended petition in that it ordered the trustee to provide support and maintenance for Emma Ireland, to reimburse the conservator for the funds already expended and to pay the attorney's fees. As we said in the case of *Peach v. Peach*, 73 Ill.App.2d 72, at p. 78:

"We hold that the only attribute indispensable to the finality of a judgment or order is that it terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. The test of finality lies in the substance and not the form of the judgment or order. [Citations omitted.]"

■■■ Although it is true that the order of July 17 did not expressly claim to be a construction of the testamentary trust of Murray Ireland, it was a complete disposition of those issues raised in the amended petition and hence a final and appealable order. (*Goodrich v. City Nat. Bank & Trust Co.*, 113 Ill.App.2d 471, 477; *Lakatos v. Prudence Mut. Cas. Co.*, 113 Ill.App.2d 310, 314.) The resolution of those issues clearly required the trial court to consider and interpret the provisions of the trust created by the will of Murray Ireland. Indeed, the order included the pertinent section of that will and the finding that his estate had the "duty" to provide support for Emma Ireland. A review of that order would just as clearly have necessitated a construction of the trust instrument regardless of the precise language employed by the trial court. As is well known, a trial court ordinarily has no authority to vacate or modify an order more than 30 days after the date of its rendition. (Ill. Rev. Stat., ch. 110, par. 68.3; *Martin v. Masini*, 90 Ill.App.2d 348, 353; *Chapman, Mazza, Aiello v. Ace Lumber & Const.*, 83 Ill.App.2d 320, 327.) Accordingly, the order of September 19 that purportedly vacated the earlier order as "incomplete" and the subsequent effort to elaborate on the language was without effect.

■■ Since no timely appeal was taken from the final order entered July 17, 1969, we are without jurisdiction to either consider the propriety of that order or the subsequent orders upholding the original determination. (*Martin v. Mansini, ibid.*) We therefore agree with the appellee that the appeal must be dismissed.

Appeal dismissed.

SEIDENFELD and GUILD, JJ., concur.