JEROME GOLDSTICK, Plaintiff-Appellee, *v.* LU SAPORITO, n/k/a LU ASTRENE, Defendant-Appellant.

(No. 57925;

First District (3rd Division)—August 15, 1974.

Constantine N. Kangles, of Chicago, for appellant.

Jerome Goldstick, *pro se.*

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order entered July 17, 1972, denying a motion by defendant to vacate a default judgment entered against her on

February 24, 1972. The sole issue is whether the trial court erred in denying defendant's motion to vacate. The pertinent facts follow.

Plaintiff was attorney for defendant and her former husband, Salvatore Saporito, in several unrelated matters. On October 26, 1971, plaintiff filed a complaint against defendant for alleged fees of $390. Defendant filed a *pro se* appearance on November 29, 1971, and was then informed that the cause was set for trial on December 13, 1971. On December 6, 1971, plaintiff moved for leave to amend the complaint by adding Salvatore Saporito as a party defendant pursuant to notice of motion sent to defendant. By letter dated December 7, 1971, plaintiff advised defendant that the motion was continued to December 13, 1971, and that the matter would not be tried on that date because of his request to amend the complaint and for summons to issue against her former husband. A copy of the amended complaint was enclosed. On December 13, 1971, plaintiff's motion was granted, amended complaint filed, and the cause set for trial on February 24, 1972.

Salvatore Saporito failed to file an appearance and on June 20, 1972, a default judgment for $250 was entered against him. Defendant did not appear at trial on February 24, 1972, and a default judgment was entered against her for $390 and costs. On March 27, 1972, plaintiff wrote to defendant, enclosing a copy of a memorandum of judgment and demanding payment thereof.

On April 25, 1972, defendant filed a verified petition (hereafter referred to as "April petition") to vacate the default judgment against her and to set a trial on the merits. Defendant alleged her *pro se* appearance; plaintiff's letter of December 7 that trial would not be held on December 13, 1971; that after December 13 plaintiff advised defendant by telephone that he would inform her of the date set for trial; that plaintiff did not inform her of the date set; that she learned of the default judgment when she received a letter from plaintiff dated March 27, 1972. Defendant further alleged that lacking funds and not knowing any other attorney, she was unable to retain counsel until April 18, 1972; and that she has a meritorious defense. Attached to the April petition were exhibits including copies of the letters dated December 7, 1971 and March 27, 1972. Plaintiff filed a reply to defendant's April petition which denied the allegations and specifically asserted that he did inform defendant that the case had been set for trial on February 24, 1972, and that the term time had expired.

On May 2, 1972, defendant was granted leave to file an amended petition. On June 5, 1972, the trial court entered an order that the "motion to vacate" be denied. No appeal was taken from that order. On June 13, 1972, defendant filed a document entitled "Motion to Vacate Judgment"

(hereafter referred to as "June motion") incorporating by reference and having attached thereto the April petition, a verified additional petition, an affidavit by defendant's present attorney, and Exhibits "A" through "M".

In the additional petition defendant alleged that plaintiff's complaint was based upon two separate claims: a claim of $150 which was disputed only as excessive, and a claim of $250 which represented fees for services rendered to Salvatore Saporito in defending an action brought against him by a former wife, Annette Saporito. Defendant alleged that the legal services in the second claim were entirely on behalf of her former husband and at his request alone, and that defendant never agreed to pay or assume the expenses incurred in defending that action.

The affidavit of defendant's present attorney stated that the continuance on May 2, 1972, relative to the April petition, was granted to allow defendant to plead her specific defense to the $250 claim; that the additional petition was presented to the trial court on June 5, 1972, but that the court file in the action by Annette Saporito against Salvatore Saporito was misfiled and not available until June 7, 1972. The attorney further alleged that an examination of the contents of the court file in the prior action, copies of which were attached to the affidavit as exhibits, indicated a confession of judgment on a note executed in 1967 by Salvatore Saporito, payable to Annette Saporito, prior to his marriage to defendant; and that the appearance filed therein reflected plaintiff's representation of Salvatore Saporito only. Plaintiff filed no responsive pleading to the June motion. The motion was denied by the trial court on July 17, 1972, from which order of denial defendant now appeals.

Plaintiff filed a motion to dismiss the instant appeal, alleging *inter alia* that no appeal was filed within 30 days after February 24, 1972, the date the judgment was entered; that no notice of appeal was filed as to the order of June 5, 1972, denying defendant's April petition to vacate the judgment; that all appeal rights of the defendant have expired; and that this court is without jurisdiction. The motion was taken with this appeal.

■■ A trial court is without authority to grant relief from final judgments after 30 days from the entry thereof, except as provided in section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72). Defendant's April petition to set aside the default judgment was verified and was filed more than 30 days after the judgment was entered, and it will be construed as having been filed under section 72. (*Trisko v. Vignola Furniture Co.* (1973), 12 Ill.App.3d 1030, 299 N.E.2d 421.) An order entered denying or granting any of the relief prayed for in a section 72 is appealable. Where no timely appeal is taken from a final order this court is without jurisdiction to consider the propriety of that order or

624

any subsequent order upholding it. *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill.App.3d 688, 306 N.E.2d 510; *In re Estate of Ireland* (1971), 132 Ill.App.2d 157, 267 N.E.2d 681.

In *Werth, supra,* we held that the trial court erred in entertaining a second petition and vacating an *ex parte* judgment on facts similar to those in the instant case. Defendants' failure to vacate or appeal an order denying a prior petition which had been filed more than 30 days after the entry of an *ex parte* judgment precluded them from filing a second petition to vacate the same judgment. The prior order being in full force and effect, defendants could and should have appealed from the prior order.

■■ In the instant case, the trial court had considered defendant's prior April petition and on June 5, 1972, denied the petition which sought to vacate the judgment of February 24, 1972. The defendant failed to vacate or appeal from the order of June 5, 1972, which was a final and appealable order. Her June motion was filed on June 13, 1972, and again sought to vacate the same judgment, which motion was denied on July 17, 1972. Defendant is precluded from filing the subsequent motion. The trial court did not err in denying the motion on July 17, 1972. Defendant could and should have appealed from the final order of June 5, 1972. No appeal having been taken from such final order, this court is without jurisdiction to consider the final order or the subsequent order upholding the original determination. (*Martin v. Masini* (1967), 90 Ill.App.2d 348, 353, 232 N.E.2d 770.) We agree with plaintiff that the appeal must be dismissed.

For the foregoing reasons plaintiff's motion to dismiss the instant appeal is allowed.

Appeal dismissed.

McNAMARA, P. J., and McGLOON, J., concur.