ROBERT W. DANAHER *et al.*, Plaintiffs-Appellants, *v.* KNIGHTSBRIDGE COMPANY *et al.*, Defendants.—(WILLIAM BIBO, Defendant-Appellee.)

First District (1st Division)    No. 77-562

Opinion filed January 9, 1978.—Supplemental opinion filed on denial of rehearing February 21, 1978.

Michael G. Cheronis and Kenneth A. Green, both of Chicago, for appellants.

Marshall N. Dickler, of Rudd and Dickler, of Schaumburg, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs Robert and Doris Danaher filed suit to recover damages incurred from defendants' breach of contract. A default judgment was

entered against all defendants on April 18, 1975. On January 4, 1977, defendant Bibo filed a petition for relief from judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The motion was granted the same day and on January 11, 1977, defendant Bibo filed a motion to dismiss the complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45). The motion to dismiss was granted on January 20, 1977, and on February 16, 1977, plaintiffs filed the instant appeal.

On appeal plaintiffs argue that the trial court erred (1) in vacating the default judgment against Bibo because Bibo's attorney was negligent in failing to file an answer to the complaint; and (2) in granting Bibo's motion to dismiss the complaint.

We reverse and remand with directions.

The facts are not disputed. Plaintiffs Robert and Doris Danaher filed suit for breach of contract against defendants. According to the contract, Knightsbridge Company was to construct and sell a dwelling to plaintiffs. A default judgment of $17,526 was entered against defendants on April 18, 1975.

On January 4, 1977, defendant Bibo filed a petition for relief from judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). In substance Bibo alleged that he did not sign the contract and that he had never been an officer, employee or shareholder in defendant Knightsbridge Company. He further alleged that the default judgment entered against him was improper because his attorney assured him that all matters would be resolved, and then failed to file an answer to the complaint. Bibo's motion was granted that same day.

On January 11, 1977, Bibo filed a motion to dismiss the complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 100, par. 45). In establishing grounds for granting the motion, Bibo alleged the same matters set forth earlier in his petition for relief from judgment. The motion to dismiss was granted on January 20, 1977.

In the order granting the motion to dismiss, the trial court struck paragraphs 4, 5 and 6 of an affidavit submitted by plaintiff Doris Danaher in response to Bibo's motion to dismiss. The trial court did not state the reason why these paragraphs were struck. Paragraphs 4 and 5 alleged that Bibo was present when the contract was signed and that he held himself out to be a partner in the Knightsbridge Company. Paragraph 6 alleged that the affiant was not aware that defendant Knightsbridge was a corporation due to the fact that the contract referred only to "Knightsbridge Company." Consequently, based on the complaint, contract, and supporting affidavits, the trial court held that no cause of action existed with respect to Bibo as a matter of law.

On February 16, 1977, plaintiffs filed the instant appeal. Plaintiffs argue

that the trial court erred in (1) vacating the default judgment against Bibo because the negligence of Bibo's attorney in failing to file an answer to the complaint or in otherwise appearing, should be imputed to Bibo; and (2) in granting Bibo's motion to dismiss the complaint.

We first consider plaintiffs' contention that the trial court erred in granting Bibo's petition for relief from the default judgment.

■■ ■ An appeal is perfected by filing a notice of appeal and the notice of appeal is the only jurisdictional step in the appellate process. (*Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) Supreme Court Rule 303 provides further that:

"* * * the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the motion. * * *" (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a).)

Here Bibo's petition seeking relief from judgment was granted on January 4, 1977. However, plaintiffs did not file their appeal from that order until February 16, 1977. Because more than thirty days elapsed before the appeal was filed, this court lacks jurisdiction to determine whether the trial court's order vacating the judgment was proper.

As to plaintiffs' contention that the trial court erred in granting Bibo's motion to dismiss the complaint, we agree. It is well settled that a motion to dismiss is in the nature of a general demurrer and admits all facts well pleaded in the complaint. (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770; *Zanbetiz v. Trans World Airlines, Inc.* (1966), 72 Ill. App. 2d 192, 219 N.E.2d 98.) However, in Bibo's motion to dismiss the complaint, he denied a factual issue implicitly raised in the complaint as to the nature of his relationship with defendant Knightsbridge Company. He did this by asserting that at no time was he an officer, employee or shareholder of defendant Knightsbridge. Plaintiffs responded by submitting an affidavit with their response stating that Bibo held himself out to be a partner in defendant Knightsbridge Company and that he was present when the contract was signed.

■■ While plaintiffs' allegation that Bibo held himself out to be a partner should have been included in the complaint or an amendment thereto, this fact is not sufficient to sustain Bibo's motion to dismiss. At the time Bibo filed his motion to dismiss, he understood the nature of the cause of action against him. Further, a complaint should not be dismissed for failure to state a cause of action unless it appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief. (*Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128, 361 N.E.2d 575.) Consequently, by striking paragraphs 4, 5 and

6 of plaintiffs' affidavit and dismissing the complaint for failure to state a cause of action against Bibo, the trial court put form over substance.

The fact that plaintiffs submitted an affidavit along with their response to Bibo's motion to dismiss, indicates that they may have been confused as to the nature of Bibo's motion. Quite often affidavits are submitted when a motion for summary judgment has been filed. However, even if it were a motion for summary judgment that Bibo filed, instead of a motion to dismiss, the factual issue as to Bibo's relationship with defendant Knightsbridge would have been sufficient to defeat it. See *Renieris v. Village of Skokie* (1967), 85 Ill. App. 2d 418, 229 N.E.2d 345.

Therefore, the order of the circuit court of Cook County granting defendant's motion to dismiss is reversed and the cause is remanded with directions to the trial court to proceed in a manner consistent with the views expressed herein.

*Order reversed; cause remanded with directions.*

GOLDBERG, P. J., and O'CONNOR, J., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE McGLOON delivered the opinion of the court:

Subsequent to the filing of this opinion, plaintiffs-appellants filed a petition for rehearing. They alleged that the January 4, 1977 order granting Bibo's petition for relief from judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), did not become a final appealable order until January 20, 1977, when Bibo's motion to dismiss was granted. Accordingly, they concluded that since they filed their appeal within 30 days of the January 20, 1977, order, the court had jurisdiction to consider the propriety of the January 4, 1977, order vacating the default judgment.

■■ We disagree. Plaintiffs-appellants have misconstrued the nature of a section 72 motion. An order denying or granting relief prayed for in a petition to vacate a default judgment is final and appealable. (See Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(b)(3); *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774; *Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 299 N.E.2d 421.) As such, Supreme Court Rule 303 (Ill. Rev. Stat. 1975, ch. 110A, par. 303) requires that notice of appeal be filed within 30 days after entry of said order. Failure to file within 30 days deprives this court of jurisdiction over the matter. In *Grissom v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624, we held that the appellate court lacked jurisdiction over an appeal that was

filed 32 days after the judgment became final and appealable. (See also *Behnami v. Martin Grinding and Machine Works, Inc.* (1972), 4 Ill. App. 3d 171, 280 N.E.2d 481.) Consequently because more than 30 days elapsed before plaintiffs-appellants filed their appeal from the January 4, 1977, order vacating the default judgment, we are without jurisdiction to consider it.

GOLDBERG, P. J., and O'CONNOR, J., concur.