29 Ill.2d 446 (1963)
194 N.E.2d 199
THE PEOPLE ex rel. Interchemical Corporation, Appellee,
v.
THE CITY OF CHICAGO, Appellant.
No. 37786.
Supreme Court of Illinois.
Opinion filed November 26, 1963.
JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and MARSILE J. HUGHES, Assistant Corporation Counsel, of counsel,) for appellant.
*447 JOHN C. MURRAY and PHILIP R. TOOMIN, both of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE SOLFISBURG delivered the opinion of the court:
In August, 1961, the appellee entered into a contract to purchase certain property in the city of Chicago. The owner of the property applied to the zoning administrator for a building permit authorizing the construction of a two-story building to be used for the blending, mixing and storage of ink. The administrator denied the application and the owner appealed to the board of zoning appeals. In October, 1961, the board reversed the decision of the zoning administrator and ordered that a permit be issued, conditioned upon the use of the property in keeping with the standards set forth in the Chicago zoning ordinance, the compliance with all other Chicago ordinances, and the approval of the plans by the board of appeals. The plans were thereafter approved. After this ruling by the board of appeals, the appellee purchased the property for $113,710, terminated the tenancies of certain tenants, razed the buildings on the property and entered into a sale and lease back arrangement with other persons. Thereafter, on May 8, 1962, the appellee applied to the Chicago building department for a permit to construct a building in accordance with said plans, but the department refused to grant a permit because of a "stop order". This order had been issued after an amendatory ordinance had been introduced in the city council to change the zoning of appellee's property from a restricted commercial classification to a general residential classification. On May 24, 1962, appellee filed a mandamus action against the city in the circuit court of Cook County to compel the issuance of a building permit. On June 15, 1962, the city council adopted the amendatory ordinance, changing the classification of appellee's property. On October 3, 1962, the court entered an order awarding a writ of mandamus ordering the city to *448 issue a permit. The trial judge certified that the validity of an ordinance was involved and that the public interest required that an appeal be taken to the Supreme Court and the city has appealed.
The principal issue at the hearing in the trial court was whether the inks which appellee proposed to blend and store in its building were flammable, and whether storage of flammable liquids was prohibited by the provision of certain ordinances. However, this issue is not argued on appeal. The arguments presented by the city in this court pertain to the legal effect of the order of the board of appeals, the effect of the ordinance amending the zoning classification of the appellee's property, and the question of whether mandamus is a proper remedy.
We consider first the effect of the amendatory ordinance enacted on June 15, 1962. In Fifteen Fifty North State Bldg. Corp. v. City of Chicago, 15 Ill.2d 408, 416, we held that "any substantial change of position, expenditures, or incurrence of obligations occurring under a building permit or in reliance upon the probability of its issuance is sufficient to create a right in the permittee and entitles him to complete the construction and use the premises for the purposes originally authorized irrespective of a subsequent zoning or change in zoning classification." In the present case, the board of appeals ordered the issuance of a permit. After this ruling, and in reliance upon it, appellee purchased the property in question and expended other substantial sums of money in preparation for the construction of the building. This change of position and expenditures brings the case squarely within the ruling in the above case and entitles the appellee to complete the construction and use of the building as authorized by the order of the board of appeals, provided that this order was valid.
This brings us to a consideration of the second point raised by appellant. The city contends that the decision of the board of appeals was void because the board lacked *449 jurisdiction to enter it. The appellee contends that the order of the board is correct, and, in the alternative, contends that even if it is erroneous, it is nevertheless binding on the parties because the city did not attempt to review it under the Administrative Review Act. All final decisions of the board of appeals are reviewable under that act. (Ill. Rev. Stat. 1961, chap. 24, par. 11-13-13.) If the board of appeals had jurisdiction to enter the order involved here, we need not concern ourselves with the question of whether the order was correct, for the decision of the board became final when no review was sought under the Administrative Review Act, and the parties to the proceedings are barred from obtaining other judicial review. (Ill. Rev. Stat. 1961, chap. 110, par. 265.) On the other hand, if the board lacked jurisdiction to enter the order, the order was void and subject to collateral attack in this proceeding. The record shows that the lots in question are adjacent and have a total area in excess of 57,000 square feet. At the time the board of appeals entered its order and at the time the appellee bought the lots, the property was in a C1-2 restricted commercial district. Section 9.3-1(2) of the zoning ordinance provides that business, commercial and manufacturing establishments in such districts are restricted to a maximum gross floor area of 18,750 square feet each, exclusive of any floor area devoted to off-street parking or loading facilities. Section 9.5-1(2) of the ordinance provides that in C1-2 district the floor area ratio shall not exceed 2.2. The building which appellee proposes to erect is a two-story building having a total floor area of 37,899 square feet. The zoning administrator rejected the application for a permit on the ground that the total area of the building exceeded 18,750 square feet. The order of the board of appeals pointed out that the building was to be located on land covering several zoning lots with a total square feet area of 57,138 feet, held that the floor area ratio of 2.2 should prevail, and ruled that under this construction of the ordinance no violation of the *450 zoning ordinance existed or was contemplated. Both the zoning administrator and the board of appeals necessarily have the power to construe the applicable provisions of the zoning ordinance in order to determine whether a proposed use conforms to the ordinance. (Cf. Sugden v. Department of Public Welfare, 20 Ill.2d 119, 121; People ex rel. United Motor Coach Co. v. Carpentier, 17 Ill.2d 303, 305.) Here, the zoning administrator construed the ordinance so as to forbid the construction of the building and the board of appeals construed the ordinance and found that construction of the building did not violate the ordinance. This determination was within the board's jurisdiction and its decision is not subject to collateral attack. Since the city did not pursue its remedy under the Administrative Review Act the decision of the board is binding upon it.
The final contention advanced by the city is that its duty to issue the permit was subject to certain contingencies and that therefore no clear right to the permit had been established. The first such alleged contingency is the fact that the amendatory ordinance was pending at the time the mandamus action was filed. As we have noted, this ordinance imposed no bar to the relief requested by appellee. The second and third alleged contingencies are that the decision of the board of appeals was erroneous and void. As we have previously pointed out, the board had jurisdiction to enter the order and the order was in full force and effect when the mandamus action was filed. This gave appellee a clear right to a permit and imposed a clear duty upon the city to issue it.
The judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.