Rosemary Baur Bull, Plaintiff-Appellant, v. American National Bank and Trust Company of Chicago, Trustee Under Trust Number 22254, Arnold Meyer, Jordan H. Kaiser and Walter P. Kaiser, H. S. Kaiser Company, an Illinois Corporation, and Cook County Federal Savings and Loan Association, Defendants-Appellees.

Gen. No. 53,130.

First District, Third Division.

April 24, 1969.

Rehearing denied and supplemental opinion
September 11, 1969.

John P. Murray, of Chicago, for appellant.

Robert Marks, of Chicago (Marks, Marks and Kaplan, of Chicago), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The American National Bank, as trustee, applied for a permit to construct a 27-story apartment building with an attached rear-yard garage 27 feet, 6 inches high at 1515 North Astor Street, Chicago. The property was located in an R–7 general residence district. On March 26, 1966, the zoning administrator of the City denied the application because the height of the proposed garage exceeded the zoning ordinance limitation of 18 feet.

On April 14, 1966, the applicant (hereafter the defendants) appealed the ruling of the administrator to the Chicago Zoning Board of Appeals. Two public hear-

ings were held—one on May 17, 1966, and the other on June 2, 1966. At them, the board "fully heard the testimony and argument of the parties." One of the parties was the plaintiff—an owner of a single-family residence adjacent to the defendants' property. She complained that the proposed garage violated the ordinance and would interfere with light and air reaching her premises.

On June 7, 1966, the zoning board wrote to the Corporation Counsel of the City of Chicago asking whether the board had jurisdiction of the case. In August 1966 an assistant counsel, in a letter approved by the corporation counsel, replied in the affirmative. His letter then went beyond the scope of the board's inquiry and commented upon the defendants' contentions, the merits of the case and the history of such cases before the zoning administrator. He informed the board that on some similar projects in the past the administrator had issued permits for garages in excess of the 18-foot limitation and he concluded from this that the administrator had interpreted another section of the ordinance as constituting an exception to the height limitation of 18 feet.

The letter was dated August 23, 1966. The defendants either knew about the letter or soon learned of it for they immediately filed another application for a permit to build the apartments and attached garage. This time the administrator ruled that the height of the proposed garage did not violate the ordinance and on August 30, 1966, issued the permit.

The defendants did not notify the Zoning Board of Appeals or the plaintiff of their second application or of the issuance of the permit and they did not withdraw their appeal. Instead, they bypassed the board and proceeded with their project. Meanwhile, the zoning board, unaware of the new developments, rendered its decision. Despite the information in the assistant corporation counsel's letter the board, on October 4, 1966, affirmed the refusal of the zoning administrator to issue the permit.

The defendants were advised of the decision but ignored it. They did not ask for a rehearing and did not file an appeal. They chose to act under the issued permit. They acquired land, paid for architectural fees and drawings and entered construction contracts. In July 1967 they began construction. The building permit was displayed at the site.

About a month later the plaintiff filed an action to permanently enjoin the construction, maintenance and use of the apartment building and garage. Both the plaintiff and the defendants filed motions for summary judgment supported by exhibits. The plaintiff, in her motion, modified her prayer for relief and asked for an injunction prohibiting the construction of an attached garage in excess of 18 feet and for the removal of any such structure that was more than 18 feet in height. The court ruled in favor of the defendants, denied the injunction and dismissed the plaintiff's complaint. The court's decision is the subject of this appeal.

In support of the order dismissing the complaint, the defendants argue that: in seeking an injunction the plaintiff employed the wrong remedy; she was at fault in not appealing the administrator's second decision; she did not exhaust her administrative remedies and, hence, could not resort to the courts; her present action is a collateral attack upon a valid permit; she is estopped from enjoining the construction by her own laches and because the defendants' position has been altered in reliance on the permit; upon the issuance of the permit, the defendants' appeal, which was then pending before the zoning board, became moot and the subsequent decision of the board had no legal effect; the administrator's first decision was wrong and his second decision was right because the zoning ordinance allows the type of construction contemplated by the defendants' application; if this is not so the prior, contrary administrative interpretations

of the ordinance carry great weight, and a ruling opposed to these interpretations would be lacking in uniformity.

Whether the administrator's first or second decision was correct is not the controlling question in the present posture of the case. Nor are we overly concerned with the altered position of the defendants which was self-induced. The problem before us is the procedural snarl brought about by the defendants' course of conduct and the plaintiff's choice of remedies.

The defendants minimize their failure to appeal to the Circuit Court from the zoning board's decision and magnify the plaintiff's failure to appeal to the zoning board from the administrator's second decision.

The plaintiff, who did not learn of the second decision until sometime after the construction began, brought an action under section 11–13–15 of the Illinois Municipal Code—a statute which has for its purpose the prevention of zoning violations. 222 East Chestnut St. Corp. v. Lakefront Realty Corp., 256 F2d 513 (1958). Her action sought to enjoin a violation of a zoning ordinance, which violation had been determined by the zoning administrator and affirmed by the Zoning Board of Appeals. The statute states:

> "In case any building or structure is constructed, reconstructed, altered, repaired, converted, or maintained, or any building, structure, or land is used in violation of this Division 13, or of any ordinance or other regulation made under the authority conferred thereby, the proper local authorities of the municipality, or any owner or tenant of real property in the same contiguous zoning district as the building or structure in question, in addition to other remedies, may institute any appropriate action or proceeding (1) to prevent the unlawful construction, reconstruction, alteration, repair, conversion, maintenance, or use, (2) to prevent the occupancy of the building, structure, or land, (3) to prevent any il-

legal act, conduct, business, or use in or about the premises, or (4) to restrain, correct, or abate the violation. . . ." Ill Rev Stats 1967, c 24, sec 11–13–15.

■ While the plaintiff, under the rules of the zoning board then in effect (see General Rules of the Chicago Zoning Board of Appeals, art II, § 4 (1965)) could have appealed to the zoning board within 30 days of the date the permit came to her notice, her not doing so, under the circumstances of this case, is not interdictive of the remedy she chose. Of course, she chose a remedy most beneficial to her just as the defendants, in proceeding on their newly acquired permit, chose the course they thought most beneficial to them. The remedy chosen by the plaintiff was appropriate to the predicament confronting her. She was attempting to prohibit a zoning violation which was declared by the administrator and affirmed by the Zoning Board of Appeals—not to review the allowance of the second application for the permit. She was an aggrieved party and her predicament was caused by the defendants' acting upon their hurriedly secured second permit instead of pursuing their appeal from the denial of the first. The predicament was aggravated by the defendants' failure to notify the plaintiff of the second application; to notify her that the application was granted; to notify the Zoning Board of Appeals that the permit was granted; to withdraw their appeal or to appeal the board's decision to the Circuit Court.

In terms of delay in seeking relief, the defendants were not prejudiced by the election of the plaintiff to proceed under section 11–13–15 rather than appealing to the zoning board under the then existing rules. Under the latter she had 30 days from her first knowledge of the permit to bring an appeal. Under the former she had to file a complaint within a reasonable time after learning of the violation and this she did; she started

37

her action 40 days after the permit was posted at the building site. The ten-day interval did not damage the defendants.

■ The defendants attack the plaintiff's choice of remedy but they themselves chose the wrong course. The decision of the zoning board was reviewable under the Administrative Review Act (Ill Rev Stats 1967, c 24, § 11–13–13) but the defendants did not appeal the zoning board's affirmance of the administrator's first decision. The decision of the board, therefore, became final, was binding on the defendants and is not subject to collateral attack. Ill Rev Stats 1967, c 110, § 265; People ex rel. Interchemical Corp. v. City of Chicago, 29 Ill2d 446, 194 NE2d 199 (1963).

■ The defendants contend that the plaintiff's action is barred by estoppel. They claim that in reliance on the issuance of the permit, they made expenditures and incurred obligations. But their own irregular procedure produced the situation of which they complain. The plaintiff was not at fault; she could not object to a permit of which she had no knowledge. (The permit may have been of public record but where one application for a permit was already filed, denied and in the process of being appealed, there was no reason for the plaintiff to examine public records.) She filed her complaint 40 days after the permit was posted. This was not an undue delay considering the time needed to discover the permit, to check it, to consult an attorney, to investigate the facts and the law and to determine a course of action. After the filing of the complaint for an injunction, the defendants continued their expenditures, but these were made at their peril. They ignored the complaint as they had the zoning board's decision and took a calculated risk that the litigation would turn out in their favor.

Under the circumstances of this case, the plaintiff's choice of remedy was not incorrect and her complaint

38

should not have been dismissed. In reaching this conclusion, we do not decide which decision of the administrator was right. His first decision was affirmed by the Zoning Board of Appeals after testimony, evidence and argument and after consideration of the gratuitous information and volunteered opinion of the assistant corporation counsel. The board's unappealed ruling remains in force. The defendants cannot evade the force of this ruling by their course of conduct, and they cannot use their subsequent expenditures as a fait accompli-shield to justify their violation of the ruling or to deprive the plaintiff of relief.

The order of the Circuit Court is reversed and the cause remanded with directions to grant the pertinent prayers of the plaintiff's complaint.

Reversed and remanded with directions.

SULLIVAN, P. J. and SCHWARTZ, J., concur.

### SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In a petition for rehearing the defendants assert that despite the language in section 11–13–15, chapter 24, Ill Rev Stats 1967, an owner of property in the same contiguous zoning district as the alleged zoning violation does not have a right to obtain injunctive relief without a showing of individual damage and that the plaintiff in this case neither alleged nor proved such damage.

In interpreting the predecessor to this section (Ill Rev Stats 1955, c 24, § 73–9) this court has held that equitable principles applied and that to entitle one to injunctive relief he must establish, as against the defendant, an actual and substantial injury—not merely a tech-

nical, inconsequential wrong entitling him to nominal damages. In 222 East Chestnut St. Corp. v. LaSalle Nat. Bank, 15 Ill App2d 460, 146 NE2d 717 (1957), the property of the plaintiff was 184.5 feet from the property of the defendant, and it was there held that the location of the properties in the same contiguous zoning district was not sufficient to prove an actual and substantial injury.

However, in the case of 222 East Chestnut St. Corp. v. Board of Appeals, 10 Ill2d 132, 139 NE2d 218 (1956) which involved the same two buildings, the court implied that in some instances the location of property could justify an inference of injury. The plaintiff brought an action in the Superior Court of Cook County seeking to reverse a decision of the Chicago Zoning Board of Appeals granting the defendant's application for a zoning variation. The plaintiff alleged that the variation would substantially injure its property with regard to light, air, traffic congestion and real estate values. The trial court affirmed the board's ruling and the plaintiff appealed. In affirming the trial court, the Supreme Court found that there was no evidence in the record that the plaintiff was injured. The court further noted that nothing in the physical situation of the two properties justified an inference that the plaintiff's building would be damaged by the variation.

The implication that in some situations an injury can be presumed is also found in another case where the same plaintiff complained about the granting of a building permit for a split-level parking garage 293 feet away from its property. The plaintiff claimed that the proposed structure would interfere with its light and air, congest traffic and reduce the value of its property. 222 East Chestnut St. Corp. v. Board of Appeals, 10 Ill2d 130, 139 NE2d 221 (1956). The reviewing court stated that "mere proximity without proof of actual damage is not sufficient" and held that there was neither evi-

dence nor presumption to show that the garage would have an adverse effect on the plaintiff's property.

In the present case the plaintiff's complaint and motion for summary judgment alleged that her single-family residence was immediately adjacent to the defendants' property; that the attached 3-story garage exceeded the limitation of the zoning ordinance by 9 feet, 6 inches, and that its construction would cause her irreparable injury. While it has been held that mere location in the same contiguous district is not sufficient to show actual damage, the facts of this case create a reasonable inference of injury. The addresses of the plaintiff and the defendants indicate that their properties either touch each other or that there is no extensive space between them. A garage 18 feet high attached to a tall apartment building would interfere with the light and air reaching the plaintiff's residence although it would not violate the zoning ordinance. A 27 foot, 6 inch high attached garage would cause additional interference and, according to the Board of Zoning Appeals, would violate the ordinance. This additional interference would be actual injury and is sufficient to enable the plaintiff to maintain her action.

The petition for rehearing is denied.

Petition denied.

SCHWARTZ and McNAMARA, JJ., concur.