RICHARD ALLEN *et al.*, Plaintiffs-Appellants, *v.* LOREN S. YOUNG, Superintendent of the Educational Service Region, Whiteside County, Defendant-Appellee.

(No. 71-119;

Third District—January 26, 1972.

William N. Stone, of Sterling, for appellant.

L. E. Ellison, State's Attorney, of Morrison, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Plaintiffs Richard Allen and Robert Galloway appeal from a decision of the Circuit Court of Whiteside County affirming the decision of defendant-appellee Loren S. Young, Superintendent of the Educational Service Region, Whiteside County, Illinois, granting a petition requesting an election to be held for the purpose of voting for or against the establishment of a Community Unit School District.

The record in this case indicates that on March 2, 1970, a previous petition was filed with Loren S. Young as Superintendent of the Educational Service Region, Whiteside County, Illinois, requesting an election to be held for the purpose of voting for or against the establishment of a Community Unit School District. On March 26, 1970, said Loren S. Young conducted a public hearing and immediately thereupon granted the petition. Thereafter, on April 3, 1970, a complaint for Administrative Review was filed in the Circuit Court of Whiteside County in which it was prayed that defendant-appellee's decision be reversed. On May 1, 1970, a Circuit Judge of Whiteside County entered an order reversing and remanding the decision rendered by the said Loren S. Young in his official capacity. In such order said Loren S. Young was directed to proceed to further hearings to complete the record. The petitioners in that proceeding thereafter notified the said Loren S. Young that they did not wish to proceed further and requested denial of their petition. It appears that the original Committee of Ten, as attorney-in-fact for the petitioners, requested that the petition be denied. On February 12, 1971, defendant Loren S. Young, in his official capacity, finding that no further evidence had been offered by petitioners or anyone else, denied the prayer of the petition. Attorneys for the objectors to the original petition of March 2, 1970, were served with notice of the entry of the order of

February 12, 1971 denying the petition in that case. No appeal was taken from the denial of such petition.

On March 2, 1971, another separate petition was filed with Loren S. Young in his official capacity again requesting that an election be held for the purpose of voting for or against the establishment of a Community Unit School District. On April 13, 1971, said Loren S. Young in his official capacity conducted a hearing on the petition. On April 19, 1971, said Loren S. Young, in his official capacity, entered an order granting said petition of March 2, 1971. On April 29, 1971, a complaint for Administrative Review was filed in the Circuit Court of Whiteside County requesting a review and reversal of defendant Loren S. Young's decision of April 19, 1971. The Circuit Court of Whiteside County affirmed the decision of Loren S. Young. This appeal is from the order of the Circuit Court affirming such administrative decision of Loren S. Young entered on April 19, 1971.

On appeal in this Court plaintiffs contend that Loren S. Young had a mandatory and absolute duty or responsibility to carry into execution the mandate of the reviewing court in the prior proceeding initiated on March 2, 1970, and that because no hearing was held in this cause following reversal and remandment of such proceeding by the Circuit Court, appellants assert this furnishes a basis for reversal of the proceeding which was initiated on March 2, 1971.

There is no dispute as between the parties that when a mandate is entered directing that the cause be remanded to an inferior tribunal, such inferior tribunal must adhere to such direction. It is apparent that the Circuit Court's order found that the evidence was insufficient in that proceeding to justify the granting of the petition. There is nothing, however, in such direction which requires that the person seeking the relief must proceed with the petition or other proceeding in the event they do not elect to do so. It is notable that the objectors in the original proceeding sought denial of the petition. When the defendant Loren S. Young, following the indication by the petitioners that they did not wish to proceed further, entered an order denying the prayer of the petition, and the objectors in that case were advised of the denial, objectors had achieved all that they had intended to achieve in that proceeding and did not elect to appeal from such order or to object thereto.

After a period of nine and a half months expired (following remandment of the March 2, 1970 proceeding) during which neither the petitioners nor anyone else had offered any evidence and, after petitioners stated that they completely abandoned the proceedings, it was appropriate for Loren S. Young in his official capacity to dismiss the petition. Such action

was not an evasion of the mandate of the court but was one of the means of complying with the mandate. Loren S. Young could not have granted the petition without further evidence. Since no additional evidence was presented by either party he was required to deny the petition.

■■ The sole ground urged by plaintiffs in this cause for reversal of the order of the Circuit Court affirming the order granting the prayer of the petition in the case initiated on March 2, 1971, was that Loren S. Young in his official capacity was in error in denying the petition in the case which originated on March 2, 1970, as we have indicated. Obviously, this is an attempt to attack the order in that case collaterally and was not proper under the laws of this State. *Bull v. American National Bank and Trust Co.*, 112 Ill.App.2d 32, 250 N.E.2d 839.

The Illinois Statutes pursuant to which the proceedings were instituted are set forth in the 1969 Illinois Revised Statutes, ch. 112, par. 11—6. The administrative decision of the County Superintendent can be reviewed under the provisions of the Administrative Review Act. (Ill. Rev. Statutes 1969, ch. 110 par. 267.) No complaint for review was filed under the terms of such Act as to the final denial of the petition of March 2, 1970. Such action was, therefore, final and cannot be attacked in this proceeding *Bull v. American National Bank and Trust Co., supra.*

We note, also, that the objectors in the present case (aside from one common party) are not the same people who appeared in the previous case. Nonetheless, the request for relief by objectors in the prior case was that the petition be denied. It was denied, and no appeal was taken from such denial. As we have indicated, such determination is now final and cannot be subjected to collateral attack in this proceeding. We see no basis therein for setting aside the allowance of the petition of March 2, 1971, in the case now before us. The action of the Circuit Court of Whiteside County in affirming such decision was proper and should be affirmed.

For the reasons stated, the order of the Circuit Court of Whiteside County is affirmed.

Judgment affirmed.

STOUDER, P. J., and DIXON, J., concur.