AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, as Trustee, et al., Plaintiffs-Appellees, v. THE ZONING BOARD OF APPEALS et al., Defendants-Appellants.

(No. 56971;

First District (2nd Division)—June 5, 1973.

*Rehearing denied July 10, 1973.*

John P. Murray, of Chicago, for appellants Rosemary Baur Bull.

Robert Marks and Norton V. Smith Jr., both of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises under the Administrative Review Act.[1] Defendants Bull and Smith appeal from an order of the circuit court affirming resolutions of the Chicago Zoning Board of Appeals which (1) interpreted a rear-yard ordinance[2] so as to validate plaintiff's existing garage and (2) granted plaintiffs a variation in the event the interpretation of the ordinance is erroneous. Defendants' sole contention is that a prior appellate court decision, *Bull v. American National Bank & Trust Co.*, 112 Ill.App. 2d 32, 250 N.E.2d 839, has precluded the Zoning Board's consideration of these issues.

In order to determine if the doctrine of estoppel by judgment or estoppel by verdict apply, we must discuss the events preceding the Zoning Board's resolutions.

Plaintiff Trust Co. (hereinafter Trustee) holds legal title to all unsold units in a 27-story condominium building at 1515 Astor Street in Chicago. The additional plaintiffs are condominium unit owners who purchased their units from Trustee after Trustee had initiated the proceedings herein involved. The property is located in an R-7 general residential district. In 1966 Trustee applied for a permit to construct an attached rear-yard, 3-story garage, 27 feet, 6 inches in height. On March 26, 1966, the Zoning Administrator interpreted the ordinance as limiting the height of the proposed garage to 18 feet, and thereby disapproved the application. On April 14, 1966, Trustee appealed the ruling of the Administrator to the Board of Appeals.

Public hearings were held; however, prior to the Board's decision, Trustee reapplied for a permit, and, on August 30, 1966, the Administrator issued the permit. Plans for construction of the garage then commenced. The Board of Appeals was neither notified of the issuance of the permit, nor was the appeal withdrawn. On October 4, 1966, the Board affirmed the disapproval of the permit. No further appeal of this decision was taken; however, in July of 1967 construction of the garage commenced.

Approximately one month later, Rosemary Bull, a defendant in this action, filed a suit in circuit court to permanently enjoin the construction of the garage. The trial court denied the injunction and dismissed the complaint. On appeal this court reversed and remanded the cause and directed that the injunction issue for the reason that the Trustee had no right to rely upon the later approval of the Zoning Administrator when the Trustee was involved in a pending administrative appeal from his earlier disapproval. *Bull v. American National Bank & Trust Co., supra.*

Thereafter, plaintiffs applied to the Zoning Administrator to declare

---

[1] Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*

[2] Municipal Code of Chicago, ch. 194A, par. 7.9—7.

legal its existing 3-story garage. On December 15, 1969, the Administrator denied the application. On January 13, 1970, plaintiffs filed an appeal with the Board of Appeals requesting a reinterpretation of the rear-yard ordinance, and also requesting a variation from the height requirements. On February 26, 1970, the Board refused both requests.

Plaintiffs then instituted the instant Administrative Review proceeding. The circuit court held that the Board's ruling of October 4, 1966, did not preclude it from reinterpreting the ordinance, and the appellate court decision did not litigate the issue of the reinterpretation of the ordinance. In addition, the determination of the variation application was not precluded by prior board resolutions or the appellate court decision. The court then remanded the cause to the Board of Appeals for a determination on the merits as to both issues.

On August 25, 1971, the Board resolved that the ordinance did not limit the height of a garage in a rear yard, and in addition granted plaintiffs a variation. Defendants Bull and Smith then filed their complaint in administrative review to reverse these resolutions of the Board. The circuit court affirmed the orders of the Board of Appeals, and defendants appealed to this court. The injunction granted to Rosemary Bull in *Bull v. American National Bank & Trust Co., supra,* has been stayed pending resolution of this appeal.

■■ Under the doctrine of estoppel by judgment, a former judgment is deemed conclusive not only as to all matters actually litigated and determined, but all matters which might have been presented to support or defeat the claim. (*Hoffman v. Hoffman,* 330 Ill. 413, 161 N.E. 723.) Where a former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties,[3] subject matter *and causes of action. Mistretta v. Village of River Forest,* 2 Ill.App.3d 102, 276 N.E.2d 131.

■■ A cause of action includes every essential element necessary for plaintiff to prove in order to entitle him to succeed and every essential element which defendant would have a right to traverse. (*City of Elmhurst v. Kegerreis,* 392 Ill. 195, 64 N.E.2d 450.) The cause of action in *Bull v. American National Bank & Trust Co., supra,* was an action to enjoin Trustee from constructing and operating the garage. The basis for the action was the Board of Appeals' refusal to approve a permit because of its interpretation of the ordinance. The cause of action in the instant suit was instituted by plaintiffs to request a reinterpretation of the ordinance and to apply for a variation from the height provisions.

---

[3] Plaintiffs condominium owners, as subsequent purchasers from Trustee, are in privity with Trustee. I.L.P. Judgments §§ 413, 422.

Therefore, the causes of action are not identical, and the decision in *Bull v. American National Bank & Trust Co., supra,* is not a bar to the instant suit.

■■ The second doctrine which must be considered is collateral estoppel, or estoppel by verdict. This doctrine is applicable where the cause of action in the prior suit differs, but a specific issue has been determined in that suit and the same issue is again involved in a subsequent suit between the parties or their privies. Determination of the issue in the former suit bars only the relitigation of that specific issue in the later suit. *Hoffman v. Hoffman, supra; City of Chicago v. Provus,* 115 Ill. App.2d 176, 253 N.E.2d 182.

■■ In the case at bar, plaintiffs had not requested a variation prior to the instant suit. Plaintiffs filed their request for a variation only after the appellate court decision held that the disapproval of the first permit application was a final determination. As plaintiffs indicate, it was only then that the need for a variation arose.[4]

The appellate court decision dealt only with the procedural question of whether the denial of the permit governed the subsequent issuance of a permit. The issue of a variation from the height limitations of the ordinance was not before the Board of Appeals or the court, and was not determined prior to this suit. Therefore, the consideration of plaintiffs' application for a variation was not barred by either the prior resolutions of the Zoning Board of Appeals or by our court in *Bull v. American National Bank & Trust Co., supra.* The order of the court affirming the granting of the variation is affirmed. In view of this decision we need not consider the question of the interpretation of the ordinance.

Affirmed.

LEIGHTON and HAYES, JJ., concur.

---

[4] Article IV of the Rules of Procedure of the Zoning Board of Appeals states:
"No application for a variation * * * shall be filed except in a specific case where a building permit * * * has been denied by the Zoning Administrator on the ground that the proposed plan or use is not a permitted use under the provisions of the Zoning Ordinance as applied to said property."